[No. 15825.    Department Two.—April 16, 1895.]

## MARTHA C. PREWETT, Appellant, *v.* SARAH A. DYER, Executrix, etc., Respondent.

Divorce—Action to Set Aside Fraudulent Decree—Statute of Limitation—Discovery of Alleged Fraud—Findings.—In an action by a divorced wife commenced against the personal representative of the husband, after his death, to set aside a judgment and decree of divorce obtained by the husband, upon the ground that it was procured by fraud, where the court finds against the plaintiff upon the question of fraud, and for the defendant upon the plea that the action was barred by subdivision 4 of section 338 of the Code of Civil Procedure, by reason of the plaintiff's discovery of the facts constituting the alleged fraud more than three years before the commencement of the action, the finding upon the statute of limitations, if justified by the evidence, is determinative of plaintiff's right to maintain the action, regardless of whether the finding upon the question of fraud is or is not justified by the evidence.

Id —Burden of Proof—Conflicting Evidence as to Discovery—Support of Finding.—The burden of proof to support the averment of the discovery of the alleged fraud within three years from the time of the commencement of the action is upon the plaintiff; and where her evidence upon this point was merely an assertion of her ignorance, and the defendant proved facts and circumstances tending to discredit this assertion by showing its unlikelihood or improbability, and showing that plaintiff was in a position to know or discover the facts in the case, and where a presumption was raised by the facts and circumstances proved that the conduct of the plaintiff was prompted by knowledge of the divorce more than three years prior to the commencement of the action, which presumption, to the mind of the trial judge, before whom the witnesses appeared, was more satisfactory than the declaration of the plaintiff as to her ignorance, a finding in favor of the defendant upon the statute of limitations is justified by the evidence, and is conclusive upon appeal.

Id.—Right to Reject Evidence.—A judge, no more than a jury, has the right arbitrarily to reject evidence; but, as a jury may be instructed that it is not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction, against a presumption or other evidence satisfying the mind, so should a judge be governed in his determinations by the same rule.

Appeal from a judgment of the Superior Court of Monterey County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert A. Friedrich, George P. Burke, Archibald Yell,* and *Charles M. Cassin,* for Appellant.

The judgment of divorce should have been set aside, as it is clear, under the evidence, that it was obtained by fraud. (*Johnson* v. *Coleman,* 23 Wis. 452; 99 Am. Dec. 193; Freeman on Judgments, 492, 493, 496; *Hayden* v. *Hayden,* 46 Cal. 341; *Boyd's Appeal,* 38 Pa. St. 241.) The finding that the plaintiff's claim was stale and barred by laches is not warranted by the evidence. (*Hayden* v. *Hayden, supra; Boyd's Appeal, supra;* Code Civ. Proc., sec. 338.) There is no arbitrary rule governing courts of equity, as in courts of law, in applying the doctrine of laches or statutes of limitation, but the length of time which must pass in order to show laches varies with the peculiar circumstances of each case. An equitable defense is controlled by equitable considerations, and, where the lapse of time is interposed, it must be so great, and the relations of the parties to the rights such, that it would be inequitable to permit them to be asserted. (*Halstead* v. *Grennan,* 152 U. S. 412.) We desire to cite the following additional authorities as having an especial bearing on and being decisive of the questions involved in this action: *Greene* v. *Greene,* 2 Gray, 361; 61 Am. Dec. 454; *United States* v. *Throckmorton,* 98 U. S. 65; *United States* v. *Flint,* 4 Saw. 51; *Galusha* v. *Galusha,* 138 N. Y. 272; *Bausman* v. *Kelly,* 38 Minn. 197; 8 Am. St. Rep. 661; *Paschall* v. *Hinderer,* 28 Ohio St. 568; *Neppach* v. *Jones,* 20 Or. 491; 23 Am. St. Rep. 145; *Ripley* v. *Seligman,* 88 Mich. 178; *Pairo* v. *Vickery,* 37 Md. 467; *Warren* v. *Adams,* 19 Col. 515; *Johnson* v. *Coleman, supra; Baker* v. *O'Riordan,* 65 Cal. 368; *Dean* v. *Superior Court,* 63 Cal. 473; *Lapham* v. *Campbell,* 61 Cal. 296; *Brennan* v. *Ford,* 46 Cal. 8; *Farwell* v. *Jackson,* 28 Cal. 105; *Brown* v. *Martin,* 25 Cal. 82.

*Joseph H. Skirm,* and *William T. Jeter,* for Respondent.

The court did not believe the plaintiff, and ought not to have believed her. A court may reject the most posi-

tive testimony, though the witness be not discredited by direct testimony impeaching him or contradicting his statements. The inherent improbability of a statement may deny to it all claims to belief. (*Blankman* v. *Vallejo*, 15 Cal. 645.) The plaintiff's alleged cause of action was a stale claim, and not enforceable in equity, as the court found. (*Speidel* v. *Henrici*, 120 U. S. 387; *Piatt* v. *Vattier*, 9 Pet. 405; *Godden* v. *Kimmell*, 99 U. S. 201; *Richards* v. *Mackall*, 124 U. S. 183; *Metropolitan Bank* v. *St. Louis Dispatch Co.*, 149 U. S. 436; *Chapman* v. *Bank of California*, 97 Cal. 155; *Bell* v. *Hudson*, 73 Cal. 285; 2 Am. St. Rep. 791; *Dyer* v. *Waters*, 46 N. J. Eq. 484.) In the following cases great importance was given to the death of parties or witnesses in the matter of a stale demand. (*Bell* v. *Hudson*, 73 Cal. 288; 2 Am. St. Rep. 791, and cases cited; *Campau* v. *Van Dyke*, 15 Mich. 371; *Hanner* v. *Moulton*, 138 U. S. 495; *Provost* v. *Gratz*, 6 Wheat. 481; *Jenkins* v. *Pye*, 12 Pet. 241.) Even if the court's findings in relation to the alleged fraud can be sustained, still, if the finding as to the statute of limitations is correct, the decision of the trial court must stand. (*Baird* v. *Peall*, 92 Cal. 235; *Dyer* v. *Brogan*, 70 Cal. 136; *Clavey* v. *Lord*, 87 Cal. 413.)

HENSHAW, J.—Appeals from the judgment and from the order denying plaintiff a new trial.

Plaintiff, the divorced wife of James L. Prewett, commenced this action against his personal representative after his death, asking the court to set aside the judgment and decree of divorce obtained by Prewett, upon the ground that the same were procured by fraud. Judgment in that case was rendered upon July 10, 1882. Plaintiff's action was commenced upon April 8, 1893, but she pleads that she was in ignorance of the divorce proceedings until December, 1892.

Defendant, besides denying the material allegations of the complaint, pleads the statute of limitations. The court finds against plaintiff upon the issues of fraud, and for defendant upon her plea that plaintiff's cause

of action is barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure. If this finding is justified it is determinative of plaintiff's right to maintain this action, and renders superfluous any examination and discussion of the evidence upon the charges of fraud.

The finding of the bar of the statute is, therefore, first to be considered, and herein as to the facts: James L. Prewett and plaintiff intermarried in January, 1877, and thereafter lived at the Wilkins House in Santa Cruz, though the husband's ranch and home were in Monterey county. The wife separated from her husband in December, 1878. This separation she testifies was by mutual agreement, reduced to writing. She was to return to her former home in Philadelphia, which she did after the lapse of a year, most of which she spent in Santa Cruz, the rest being passed in Sacramento. She remained in Philadelphia until 1886. While there she wrote some letters to her husband with her address upon the envelopes. She never heard from her husband, but none of the letters were ever returned to her.

Prewett's action was to obtain a divorce from his wife upon the ground of her desertion. It was verified and averred that the last known place of residence of his wife was the city of Philadelphia. In due course service of summons was had by publication, and in the affidavit for such publication, made by Prewett three months after filing the complaint, he swears that, according to his best information, "defendant resides in the Fifth Avenue Hotel in the city of New York." At that time plaintiff had never been to that hotel, nor in New York. Upon June 26, 1882, Prewett, testifying in the matter of his divorce, swore that he did not know where his wife resided; that the last he heard of her she was living in Philadelphia.

The divorce was obtained in the county of Monterey, but a short time after the date of it Prewett took up his residence in Santa Cruz, and there abode until his

death in January, 1893.    Prewett was a man well known
in Santa Cruz.   He had lived there with his wife in
1877–78, and upon his return the fact that he had ob-
tained a divorce from her was one of common knowl-
edge, and the subject a matter of common conversation.
Prewett himself discussed it openly.

During this time one or more of the sisters of Mrs.
Prewett were living in Santa Cruz.   Alfred Fitch, son of
one of these sisters, visited Mrs. Prewett in Chicago.
This was in 1887.   Fitch at the time he saw his aunt
knew of the divorce.   Mrs. Prewett testified that they
discussed family matters, but nothing was said of the
divorce.   She corresponded with her three sisters in
Santa Cruz.   In 1888 Mrs. Prewett came again to Santa
Cruz and went to the home of a sister.   She remained
there from July until October.   She came, she says,
thinking she might have a reconciliation with her hus-
band.   "I changed my views from public opinion.   I
heard from public report the way he was living, and I
concluded there was no need of my attempting it and
I went back to New York."   She had, she testifies,
quite a large circle of acquaintances in Santa Cruz.   Of
that circle was Mrs. Wilkins, the principal witness for
Mr. Prewett in his divorce suit.   Mrs. Wilkins visited
Mrs. Prewett several times during this period, and was
at the time living near by in Mr. Prewett's house, he
making his home in her family.   Mrs. Prewett saw her
husband once or twice upon the street in his buggy.
She knew he was suffering from cancer of the eye.   In
fact, he was then mortally afflicted and afterward died
of the disease.   She never sought out her husband nor
had any manner of communication with him.   From
"public opinion" she concluded that efforts toward a
reconciliation would be futile.   The fact of the divorce
was seemingly known to the relatives of Mrs. Prewett in
Santa Cruz.   It was certainly known to some of them,
and was "mentioned in the families."   Many witnesses
of Santa Cruz testified to their knowledge and to the
general knowledge of the community of the divorce; but

there is no positive evidence that Mrs. Prewett was ever directly informed of it. She swears she had no knowledge of it, until she was informed by a letter from a sister in 1892.

In this state of the evidence was the court justified in rejecting her testimony and finding that she had knowledge in 1888, and that, therefore, her cause of action is barred?

Under the circumstances it became necessary for plaintiff to aver, as she did, her discovery of the alleged fraud within three years of the time of the commencement of her action for relief. The burden of proof to support the averment was upon her. Her evidence upon this point was an assertion of her ignorance. To meet this it was proper for defendant to prove facts and circumstances tending to discredit this assertion by showing its unlikelihood or improbability. This she attempted to do by proof of the facts above set forth. Any fact may be proved from which the fact in issue is presumed or is logically inferable. (Code Civ. Proc., sec. 1870, subd. 16.) Such facts frequently form the basis of argument against a party's contention.

A judge, no more than a jury, has the right arbitrarily to reject evidence, but as a jury may be instructed that it is not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction, against a presumption or other evidence satisfying the mind, so should a judge be governed in his determinations by the same rule. Applying it to the facts of this case, a strong presumption is raised against the statement of Mrs. Prewett. She spent months in Santa Cruz, living but a short distance away from her husband, to become reconciled with whom she came to California, yet she held no intercourse with him. He was mortally afflicted, yet she did not offer to minister unto him. She lived in a community and among relatives who knew her husband had divorced her, yet no one told her of this all-important fact. She learned from public rumor that it was useless to try to become

reconciled with him, yet that same reckless gossip refrained from carrying to her ears news that she was a divorced wife. It is a natural presumption that what she did and did not do during these months was prompted by knowledge of the fact that she was no longer the wife of Prewett.

To the mind of the trial judge, before whom the witnesses appeared, the presumption thus raised was more satisfactory than the declaration of plaintiff. It was his province to decide, and it cannot be said that his decision was error.

The judgment and order are affirmed.

McFARLAND, J., and TEMPLE, J., concurred.