[Civ. No. 1788.   First Appellate District.—December 11, 1917.]

HENRY PHILLIPS, as Trustee, etc., Respondent, v.
E. HUFFAKER et al., Appellants.

FRAUDULENT CONVEYANCE—HUSBAND TO WIFE—PRESUMPTION.—A trans-
fer by a husband to his wife, within four months of bankruptcy,
of real property standing of record in his name and without con-
sideration, is presumptively fraudulent as to existing creditors, un-
der section 3442 of the Civil Code.

ID.—PRESUMPTION OF FRAUD—SUPPORT OF JUDGMENT.—In an action to
set aside a transfer made by a husband to his wife within four
months of bankruptcy and without consideration, the presumption
of fraudulency as to existing creditors is sufficient to support the
judgment, notwithstanding the uncontradicted statements of the
defendants against the presumption, since the court is not bound
by such testimony in view of the provisions of subdivision 2 of sec-
tion 2061 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   W. H. Thomas, Judge Presiding.

The facts are stated in the opinion of the court.

Rodolph Hatfield, and E. Huffaker, for Appellants.

John L. McVey, for Respondent.

LENNON, P. J.—Defendants appeal from a judgment en-
tered in favor of the plaintiff as trustee in bankruptcy of the
defendant, E. Huffaker, to set aside a deed made by said
Huffaker to his wife, the defendant Jennie B. Huffaker, on
the ground that it was made within four months of the ad-
judication decreeing the defendant E. Huffaker a bankrupt;
that it was without consideration, and made for the purpose
of hindering, delaying, and defrauding creditors.

Briefly, the facts are these: On January 12, 1915, one Gray
secured a judgment against the defendant E. Huffaker, in the
sum of $1,105.   After the rendition of that judgment, but
before the entry thereof, the defendant E. Huffaker recon-
veyed a one-half interest in certain real property to his wife,
the defendant Jennie B. Huffaker, which she had previously

conveyed to him, and then filed a petition in bankruptcy and was adjudicated a bankrupt.

The Huffakers defended the present action upon the ground that the property in question was held by the husband in trust for the wife, and was therefore rightly reconveyed to her.

The only question raised upon this appeal is as to the sufficiency of the evidence to support the trial court's findings that defendants "willfully testified falsely as to material facts in said cause" and "that the deed made, executed, and delivered by E. Huffaker, defendant herein, to Jennie B. Huffaker, . . . was given by said defendant E. Huffaker to said Jennie B. Huffaker, his wife, for the purpose of hindering, delaying, and defrauding the creditors of him, the said E. Huffaker."

The only witnesses produced in the case were the defendants, who were called by the plaintiff, and their testimony in terms supports the allegation of their answer that the property was held by E. Huffaker in trust for the benefit of his wife, and therefore it is contended that there is no evidence to support the findings in question, and that the trial court was not justified in rejecting the uncontradicted testimony of the defendants.

The general rule that the uncontradicted testimony of a witness may not be disregarded by the trial court of course has its limitations, and, as is pointed out in *Davis* v. *Judson,* 159 Cal. 121, 128, [113 Pac. 147], "The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction; or there may be circumstances in evidence in connection with the matter which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy." ·(See, also, *Clark* v. *Tulare Lake Dredging Co.,* 14 Cal. App. 414, 432, [112 Pac. 564].)

The fact that the property in suit stood of record in the name of E. Huffaker raises a presumption that title thereto was vested in him, and the fact that he transferred it to his

wife without a valuable consideration in contemplation of insolvency made the transaction presumptively fraudulent as to existing creditors. (Civ. Code, sec. 3442.) These presumptions standing alone are sufficient to support the judgment, for the court was not bound, as has been seen, to accept the uncontradicted statement of the defendants against presumptions satisfying the mind of the court. (Code Civ. Proc., sec. 2061, subd. 2; *Bellus* v. *Peters,* 165 Cal. 112, [130 Pac. 1186]; *Prewett* v. *Dyer,* 107 Cal. 154, 159, [40 Pac. 105]; *Sarraille* v. *Calmon,* 142 Cal. 651, [76 Pac. 497]; *Clark* v. *Tulare etc. Co., supra.*)

The circumstance that the trial court, having seen and observed the witnesses and their manner of testifying, had an advantage when judging of the character of the testimony not accorded to us, coupled with other significant circumstances shown in the record, readily explains why the court below disregarded their testimony.

First, the excuse given by the Huffakers that the conveyance of the undivided one-half interest in the property was made by Mrs. Huffaker to her husband to better enable him to handle it for her benefit does not commend itself to us as having much weight or credence; we are unable to see how any benefit would inure to the wife from such an arrangement. In one part of his testimony, Huffaker avoided as long as possible making an explanation of why he had claimed the property in question as his own when he applied for a bond to a certain bonding company, and his explanation in that regard was unsatisfactory. During the examination of Mrs. Huffaker she was led to believe that unless there had been an accounting between her and her husband her case would likely be lost. Accordingly she testified that there had been accountings between her and her husband, but in this connection, while she had testified that at different times each had collected rents of the property and kept them; that when her husband worked on the property, as he sometimes did, she allowed him for carpenter work the same wages per hour that she would pay an experienced carpenter, nevertheless she was compelled to admit that there had never been a settlement of accounts in writing; that there never had been an understanding of how much was due from one to the other, nor had any money ever passed between them to square the account.

These witnesses were evasive and their testimony was equivocal, and, therefore, we think the court was justified in rejecting their testimony as unworthy of belief.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.