[Civ. No. 2397.  First Appellate District.—June 8, 1918.]

ERNEST H. HEITMAN, as Administrator, etc., Respondent,
v. HENRY C. BRUNS et al., Appellants.

DEED—DELIVERY TO NOTARY PUBLIC—RESERVATION OF CONTROL—TITLE
NOT DIVESTED.—Where a grantor delivered a deed to a notary public
with instructions to keep the deed until the grantor called for it, or
until the death of the grantor, and in the latter event to hand it to
the father of the grantees, there was no delivery sufficient to pass
title.

EVIDENCE—REJECTION OF TESTIMONY—RIGHT OF COURT.—While it is true
that a judge or jury have no right to arbitrarily reject testimony,
this may be done when it does not produce conviction.

ID.—NUMBER OF WITNESSES—INSTRUCTION—RULE APPLICABLE TO JUDGE
AND JURY.—The rule laid down in subdivision 2 of section 2061 of
the Code of Civil Procedure that jurors are to be instructed that
they are not to decide in conformity with the declarations of any
number of witnesses which do not produce conviction in their
minds, as against a presumption of other evidence satisfying their
minds, applies alike to judge and jury.

ID.—CONTRADICTION OF WITNESS BY FACTS.—A witness may be contra-
dicted by the facts he states as completely as by direct adverse
testimony.

ACTION TO SET ASIDE DEED—LACK OF DELIVERY—WANT OF CONSIDERA-
TION—FINDINGS SUPPORTED BY EVIDENCE.—In this action by an ad-
ministrator to set aside a deed made by his deceased wife, it is held
the findings of nondelivery of the deed, lack of consideration, and
that the wife was the owner of the property at the time of her
death, were supported by the evidence.

APPEAL from a judgment of the Superior Court of Contra
Costa County.  R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, and Alan C. Van Fleet, for Appellants.

J. E. Rodgers, and M. R. Jones, for Respondent.

KERRIGAN, J.—This action was brought by plaintiff, as
administrator of the estate of his deceased wife, to set aside a
deed made by her in her lifetime to defendants.

The complaint is in two counts. It is alleged in the first that the deed was procured by the undue influence of defendants, that there was no consideration therefor, and that it lacked delivery. The second count alleged that the grantor at the time of the execution of the deed was of unsound mind, and that there was no consideration and no delivery. The answer denied these allegations, and set forth a cross-complaint praying that defendants' title to the land be quieted against plaintiff.

The case was tried with an advisory jury. Special issues were submitted upon the questions of undue influence, unsoundness of mind, and delivery. The jury found against the defendants on all of these issues. The trial court, however, adopted only the finding that the deed in question had never been delivered. It further found that no consideration was paid by defendants, or any of them, for the property, and that its value was in excess of the sum of twenty thousand dollars, and that the deed made by the grantor was null and void. Judgment was thereupon entered canceling said deed and quieting the title of plaintiff and the estate of decedent to the property. The appeal is from such judgment.

The question here presented is whether or not the evidence sustains the findings of the trial court.

Appellants claim on the question of delivery that the evidence is clear, uncontradicted, and unequivocal, and that, therefore, this question has resolved itself into one of law; and accordingly they contend that the conclusions of law and the judgment thereon are "against law." A discussion of the evidence, therefore, becomes necessary.

From the facts surrounding the execution of the deed in question it appears that in the latter part of November, 1912, Martha L. Heitman was living on her farm, near Byron, in Contra Costa County, the property which is the subject matter of this litigation. She was a woman advanced in life, being over eighty years of age. She had, in 1907, married a man much younger than herself, with whom she lived intermittently and who was her third husband. In November, 1912, she left her farm and went to the home of Henry Bruns, one of the defendants herein, and she thereafter lived with the Bruns family until her death, which occurred on December 30, 1913, some thirteen months after her advent into this household. During her stay Mrs. Bruns, aided by her daugh-

ters, two of the defendants herein, performed some service for
Mrs. Heitman, contributing to her comfort.  The Bruns fam-
ily were neighbors and in no manner related to Mrs. Heitman.
Within a week after her arrival, according to the testimony of
Mrs. Bruns, Mrs. Heitman expressed a desire to convey her
property to the defendants herein.  Thereupon, Henry Bruns,
the father, and William Bruns, his son, went to Brentwood,
a town close by, to get Robert Wallace, a justice of the peace
and notary, to make a deed of Mrs. Heitman's property.  Mr.
Wallace did not come as soon as he was sent for, and there-
after, on December 4, 1912, William Bruns, one of the gran-
tees named in the deed, again went after and brought him and
one Shafer to the Bruns home.  On that day Mr. Wallace
drew two deeds, one conveying from Mrs. Heitman to the
Bruns children, all of whom were adults, her real property in
Contra Costa County, valued at more than twenty thousand
dollars, which is the deed in controversy; and the other pur-
porting to convey to the same persons her real property in
Alameda County, consisting of 160 acres.  After these deeds
were executed Mrs. Heitman told Mr. Wallace to keep them
until she called for them or until she died, and in that event to
hand them to Bruns, Sr.  Wallace at this time stated to Mrs.
Heitman that whenever she wanted the deeds back she could
get them.  Wallace then took these deeds away with him and
continued to hold them until after the death of Mrs. Heitman,
when, according to her instructions, he gave them to Bruns,
who thereupon requested Wallace to record them, which he
did.

It is conceded, as indeed it must be, that up to the time
Wallace took the deeds away there was no delivery of them,
for the grantor did not then relinquish all control over them,
but, on the contrary, she specifically reserved the right to re-
call them at any time.  Appellants, however, seek to show a
delivery some two or three months thereafter, based on the
testimony of Henry Bruns, Sr., and his son, William, to the
effect that Mrs. Heitman requested that the deeds be recorded.
It is in evidence that Bruns, Sr., attempted about this time to
have Wallace record them, but this he refused to do as being
contrary to his instructions.  No further attempt was made
during Mrs. Heitman's lifetime to have the deeds recorded.
This testimony of Bruns and his son was uncontradicted; and
it is by reason of this fact that the claim is made that under

these circumstances the question of delivery is one of law and not of fact.

While it is true that a judge or jury have no right to arbitrarily reject testimony, this may be done when it does not produce conviction. By section 2061, subdivision 2, of the Code of Civil Procedure, jurors are to be instructed that they are not to decide in conformity with the declarations of any number of witnesses which do not produce conviction in their minds, as against a presumption or other evidence satisfying their minds. This rule applies alike to judge and jury.

It has been said that no weaker kind of testimony can be produced than the testimony of a person or persons as to a conversation between themselves and a deceased person. (*Mattingly* v. *Pennie,* 105 Cal. 514, [45 Am. St. Rep. 87, 39 Pac. 200] ; *Byrne* v. *Byrne,* 113 Cal. 294, [45 Pac. 536].)

Here, too, the alleged oral direction of Mrs. Heitman to have the deeds recorded rests solely upon the evidence of Bruns and his son, who are interested parties.

A witness may be contradicted by the facts he states as completely as by direct adverse testimony. (*Bellus* v. *Peters,* 165 Cal. 112, [130 Pac. 1186] ; *Prewett* v. *Dyer,* 107 Cal. 154, [40 Pac. 105] ; *Clark* v. *Tulare Dredging Co.,* 14 Cal. App. 432, [112 Pac. 564] ; *Phillips* v. *Huffaker,* 35 Cal. App. 531, [170 Pac. 431].)

The circumstances connected with the transaction were certainly such as justified the court in rejecting and disregarding the testimony of Bruns and his son. After the alleged instructions Mrs. Heitman lived some nine months, and no attempt was made by her thereafter to have these instructions carried out. In addition thereto there is no evidence that any of the grantees named in the deed ever exercised any right whatever over this land, or ever claimed to own it, or had it assessed to them, or did anything whatever which would indicate any claim of title in them. On the contrary, the testimony shows that there was no intention on the part of Mrs. Heitman to vest title in the grantees until after her death. A reading of the testimony of Bruns, Sr., and especially that portion relating to the claim that he attempted to collect rents from the property, does not carry conviction.

The claim that the transfer was made in consideration of an oral agreement by the grantees to support the grantor during her life in no manner strengthens the case of appellants. It

is in evidence that shortly after the execution of the deeds Mrs. Heitman transferred to these same grantees all of her stock, farming implements, and other personal property in consideration for this very support.

From all the circumstances and from a consideration of the entire evidence in the case it is difficult to imagine how the jury or the court could have reached a different conclusion than they did. Within two weeks after the arrival of this aged and infirm woman in their midst—a woman found by the advisory verdict of the jury to be of unsound mind, upon evidence that would have supported a finding based thereon— the Bruns family dispossessed her of all her real and personal property amounting to a very substantial sum, and they seek to retain the same upon an alleged oral contract to provide and care for her, where the evidence shows that no such contract was ever entered into.

The findings of the trial court that the deed in question had never been delivered; that there was no consideration for the same, and that it was null and void; that Mrs. Heitman was the owner and in the possession of the lands in question at the time of her death, were all questions of fact, and the findings thereon find full and complete support in the evidence.

Judgment affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1918.