**Taylor ROBINSON, Petitioner,**

v.

**Honorable Bailey BROWN, Judge, United States District Court for the Western District of Tennessee, Respondent.**

**No. 15431.**

United States Court of Appeals
Sixth Circuit.

July 31, 1963.

**504**

William M. Shaw, Homer, La., for petitioner.

Avon N. Williams, Jr., Nashville, Tenn., for respondent.

Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Petitioner prays for a Writ of Mandamus requiring the District Court to vacate and expunge from the record its order of June 1, 1963 striking his demand

for a jury trial in the case of Brenda K. Monroe, et al. v. Board of Commissioners of the City of Jackson, Tennessee, et al., Civil Action No. 1327 pending in the United States District Court for the Western District of Tennessee, Eastern Division.

The Monroe case was a class suit brought by negro school children to enjoin the City and County Boards of Education and the individual members thereof from refusing to admit them to public schools on account of their race and directing the Boards to reorganize the public schools on a non-racial basis. Petitioner is a Board member and was a party defendant individually. The prayer of the complaint included a request for a declaration of the rights of the parties under the Declaratory Judgments statute 28 U.S.C. §§ 2201, 2202.

After the filing of the Mandamus action in this Court, namely, on June 19, 1963 the District Judge granted plaintiff's motion for summary judgment in the Monroe case against the two Boards of Education which required them to file, with the Clerk of the District Court within specified periods of time, complete plans for desegregation and elimination of racial discrimination in the public school system and fixed dates for the hearing on said plans. No order was entered against the individual defendants including the Board member Taylor Robinson.

It is Mr. Robinson's contention that because the complaint in the Monroe case invoked the Declaratory Judgments statute the District Court was empowered to render a judgment against him individually for damages and, therefore, he was entitled to a trial by jury of the factual issues in the case. He relies on Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 and Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44.

An examination of the complaint reveals that Monroe is a typical desegre-

gation case. The prayer of the complaint is only for equitable relief. No judgment for money or accounting was requested. The inclusion of a claim for declaration of rights in the complaint did not, in our opinion, convert an equity case into an action at law. We regard the complaint as asking merely for a declaration of rights with respect to the equitable issues. No legal issues were made either by the complaint or the answers filed by the defendants. In our judgment, it would be necessary to amend the complaint before the District Court could entertain a claim for damages. 28 U.S.C. § 2202.

The cases relied upon by petitioner are not in point. In Beacon Theaters, Inc., supra, a suit for declaratory judgment and injunction was brought in anticipation of a suit by defendant for treble damages under the Sherman and Clayton Acts. The defendant filed a counterclaim and cross-claim for damages. The District Judge undertook to determine so-called equitable issues first even though the gist of defendant's claim was for damages. This operated to deprive defendant of his right to a jury trial. Dairy Queen was an action for infringement of a trademark in which the complaint contained a prayer for accounting. The Supreme Court construed the prayer as requesting a money judgment. The present case unlike Beacon Theaters, Inc. and Dairy Queen involves only equitable issues in which no money judgment was prayed for.

 However, even though petitioner was entitled to a jury trial in the present case, if there was no genuine issue as to any material fact, the moving party would be entitled to summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

We think that by reason of the summary judgment the issues in this Mandamus case have become moot. Petitioner's remedy is to appeal from the judgment.

The petition for a Writ of Mandamus is dismissed.