**In re BELL & BECKWITH, Debtor.**

**Bankruptcy No. 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 19, 1984.

Fuller & Henry, Toledo, Ohio, for trustee.

Stephen P. Harbeck, Washington, D.C., for SIPC.

Philip R. Joelson, Toledo, Ohio, for J. Robert Jesionowski.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion of the Trustee for Authority to Make a First Partial Distribution and the Objection of J. Robert Jesionowski to that Motion. The Court has considered the evidence in this matter and has reviewed both the arguments of counsel and the entire record relevant to this issue. Based upon that review and for the following reasons, the Court finds that the Motion, to the extent not already granted, should be GRANTED. The Court also finds that the Objection should be OVERRULED.

## FACTS

On February 10, 1983, the United States District Court for the Northern District of Ohio, Western Division, entered an Order declaring the customers of the Debtor-Brokerage in need of protection under the provisions of 15 U.S.C. § 78aaa *et seq.* On March 10, 1983, this Court entered an Order enjoining the general partners of the Debtor from transferring or disposing of their personal assets. The purpose of this second Order was to insure the availability of those assets in the event the liquidation of the Brokerage resulted in a deficiency. This injunction did, however, allow the partners to use their assets in reasonable amounts so as to be able to support themselves and their families.

The Movant in this matter is the Trustee for liquidation of the Debtor. During the pendency of this case, the Trustee's liquidation efforts have resulted in an accumulation of funds from which he has previously sought to distribute to customers whose accounts exceeded SIPC coverage. However, the request did not include a provision for the payment claims made by the general partners of the Debtor for accounts they maintained as customers of the brokerage. In an Order dated September 11, 1984, this Court authorized the Trustee to make the payments as proposed. The general partners did not receive their pro-rata share, such shares having been retained pending the determination of any deficiency. An Objection has been filed by J. Robert Jesionowski, one of the general partners, to the Trustee's withholding of the partners' share of the distribution.

## LAW

As indicated by the parties, Jesionowski did not participate in nor was he eligible for any distribution of SIPC funds for losses of his customer accounts, regardless of whether or not they exceeded SIPC coverage limits. *See,* 15 U.S.C. § 78fff–3(a)(4). This section does not, however, negate or disallow his claim as a customer of the Debtor. It also does not prevent him from sharing in any distribution of

proceeds that result from the liquidation of the estate. The dispute presently before the Court results from the fact that Jesionowski was a general partner of the Debtor, and that the Bankruptcy Code subjects general partners of partnership debtors to contingent liability. The provisions of 11 U.S.C. § 723 state in pertinent part:

"(a) If there is a deficiency of property of the estate to pay in full all claims allowed in a case under this title concerning a partnership, then each general partner in such partnership is liable to the trustee for the full amount of such deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property."

Under this section, Trustee may recover from partners of a partnership debtor any deficiency which remains after the debtor's estate has been fully liquidated and distributed. He may also request the Court for an order requiring the partners to offer assurance of or indemnity for a recoverable deficiency, or for the partners to refrain from disposing of property. *Matter of Barton & Ludwig*, 37 B.R. 377 (Bkcy.N.D. Ga.1984).

■ The parties have cited this Court to the provisions of 11 U.S.C. § 510 which states in pertinent part:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest ..."

Under this section the Court may require that the claims of certain creditors be paid only after the claims of other creditors are satisfied. However, subordination under this section may only be imposed after the party whose claim is to be subordinated has been found to have engaged in inequitable conduct, that the conduct resulted in injury to other creditors, that they have received an unfair advantage over other creditors, and that subordination is not otherwise inconsistant with the Bankruptcy Code. *Matter of All Products Co.*, 32 B.R. 811 (Bkcy.E.D.Mich.1983).

■ In the present case, it is undisputed that Jesionowski, among others, will be liable for any deficiency in the Debtor's estate. The Trustee's withholding of funds otherwise payable to the general partners is an exercise of his prerogative to request assurance of payment of the anticipated deficit, a deficit which is presently foreseen. Mr. Jesionowski has argued that such assurances are unnecessary in light of the March 10, 1983, Order which directs him not to dispose of assets. Although that Order has the effect of enjoining a dissipation of the funds should they be distributed, the argument is not sufficiently persuasive so as to merit sustaining the Objection.

The Trustee is bound by the provision of the Bankruptcy Code to accumulate and protect all existing and potential assets of the estate for the satisfaction of creditor claims. His fiduciary capacity requires him to exercise due care in performing those activities, especially those in which the Bankruptcy Code allow him discretion. If the Trustee were to issue to the partners their share of the distribution, and the anticipated deficiency were to become a reality, both the Court and the Trustee would be subject to criticism if, for whatever reason, the partners were unable to return that which they had been paid. Although the Order which protects the estate's interest in the partner's property allows the partners to use those assets for their day-to-day expenses and to petition the Court for further use in the event an immediate need arises, Jesionowski has not demonstrated any such need. Without any show-

ing as to how his equitable needs outweigh the Trustee's interests in protecting estate assets, the Court cannot hold that Jesionowski should receive his share at this time.

This is not to indicate that Jesionowski is prevented from ever receiving his pro-rata share of the distribution. In the event it is determined that there is no deficiency, or that under the terms of the March 10, 1983, Order he requires access to those funds, the Trustee will be required to make such access available. However, until those circumstances arise and in light of the potential liability still facing the Debtor's former general partners, the Court cannot allow the funds to be taken out of the Trustee's possession.

The parties have argued that the principles of equitable subordination, as set forth in the Bankruptcy Code, are applicable in this matter. Although the result reached by the Court has the effect of such a subordination, assertion of those principles would not be proper at this stage in the litigation. As previously pointed out, in order to prevail on an equitable subordination claim a party must show that the claimant to be subordinated is guilty of some misconduct or has gained an unfair advantage over other creditors. In the present case there has been no such showing. Accordingly, the grounds set forth in 11 U.S.C. § 510(c) cannot be asserted as controlling. The Court's conclusion in this matter was reached solely as a matter of protecting assets for the estate and the claims of creditors which may not be wholly satisfied therefrom.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were referred to in this Opinion.

It is ORDERED that the Objection of J. Robert Jesionowski to the Trustee's Motion to Determine Allocation and to Make Partial Distribution of Customer Property be, and is hereby, OVERRULED.

It is FURTHER ORDERED that the Trustee's Motion to make such distribution, as previously Ordered, be, and is hereby,

GRANTED to the extent that it refrains from distributing to the Debtor's general partners their pro-rata share of customer property.