**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**The TOLEDO TRUST COMPANY, Trustee, et al., Defendants.**

**Bankruptcy No. 84–0024.**
**Related Case: 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 12, 1985.

Fuller & Henry, Toledo, Ohio, for plaintiff.

William M. Connelly & Kevin E. Joyce, Toledo, Ohio, for Edward P. Wolfram, Jr.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

Philip R. Joelson, Toledo, Ohio, for J. Robert Jesionowski.

Melodee H. Redman, Toledo, Ohio, for Toledo Trust Co.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, Jr.

Edward F. Zoltanski, Toledo, Ohio, for Roscoe R. Betz, Jr.

David W. Wicklund, Toledo, Ohio, for George M. Todd and John E. Thompson.

Charles V. Contrada, Holland, Ohio, for Donald C. Henninger.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for the Journalization of a Stipulation and Order filed by the Plaintiff-Trustee and the Objection to that Motion filed by J. Robert Jesionowski. The Court has conducted a Pre-Trial conference in this case and has afforded the parties the opportunity to submit written arguments regarding the merits of this Motion. The Court has considered the arguments of counsel and has reviewed the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be GRANTED.

### FACTS

The facts in this matter do not appear to be in dispute. The Plaintiff in this case is the Trustee for the liquidation of the Debtor-brokerage under the provisions of 15 U.S.C. § 78aaa *et seq.* At the time the Debtor was Ordered into liquidation, there was in existence at the Toledo Trust Company a profit sharing retirement plan which was to benefit the employees of the brokerage. Under the terms of the plan, the shares belonging to the general partners of the brokerage were maintained in separate accounts. The plan also provided that the partners' funds were not subject to forfeiture.

As part of his liquidation efforts, the Trustee has attempted to dissolve the plan and to distribute the proceeds to the plan's beneficiaries. In doing so, each of the general partners would be entitled to their shares of that fund. However, the Trustee has also initiated lawsuits against the partners for any deficiency which may remain after the Debtor's estate has been fully administered. At the outset of this liquidation proceeding the Trustee, having anticipated a deficiency, sought an order enjoining the general partners from disposing or otherwise transferring any of their assets except as required by their daily

needs. Such an Order was granted by this Court on March 10, 1983. This Order also required the partners to make a monthly accounting of their expenses.

The case presently before the Court seeks an injunction against the Toledo Trust Company, whereby it would be prohibited from distributing to the partners, upon dissolution of the plan, their shares of the retirement fund. The injunction is sought in an effort to sequester the partners' assets which are presently under the Trustee's control until a determination as to any deficiency can be made.

At the Pre-Trial conference the parties to this case were able to reach an agreement regarding the disposition of this matter. The proposed judgment entry submitted by the Trustee required the administrator of the fund to give notice to the Trustee of any requests for distribution made by any of the partners. Once notice was given the Trustee would have five (5) business days in which to object to the request. If no objection was received, the distribution could be made. If, however, an objection was made, the administrator was prohibited from making the distribution until the propriety of the request could be determined by the Court.

The proposed journal entry was circulated among all the general partners' counsel and counsel for Toledo Trust Company for approval. J. Robert Jesionowski, one of the general partners, has objected to the journalization of that entry. The grounds for that Objection are that it does not accurately reflect the agreement made by the parties at the Pre-Trial. Specifically, Jesionowski contends that the provision which enjoins the Toledo Trust Company from distributing funds upon the Objection by the Trustee was not one of the terms to which he agreed. It should be noted that Jesionowski's agreement or disagreement with this term cannot be verified, inasmuch as no record of the Pre-Trial conference was made.

## LAW

The nature of the proceedings presently before the Court does not lend itself to a legal analysis and the application of law to the facts of the case. Rather, it calls upon the Court to exercise its equitable powers in arriving at a just result. In the present case, Jesionowski's Objection to the proposed judgment entry is tantamount to the rejection of an offer to settle the case, thereby requiring the Court to proceed to an adjudication on its merits. In that event, the Court would be required to determine whether or not Toledo Trust should be enjoined from distributing to the partners their share of the fund's proceeds.

The Court is cognizant of both the Trustee's interest in protecting the funds which may be called upon to satisfy the Debtor's deficiency, and the partners' interests in having available to them the proceeds of the plan. The settlement set forth in the proposed order appears to adequately guard both of those interests. The Trustee's interests are protected by the fact that distributions cannot be made from the fund unless prior notice to the Trustee is given. This allows the Trustee to compare the request with the partners' monthly reports, and to make a subjective assessment as to whether or not the distribution should be made. [It should be noted that the Trustee's sequestration of partner property in this case is not without precedent. See, *In re Bell & Beckwith*, 44 B.R. 664 (Bkcy. N.D.Ohio 1984)]. On the other hand, it allows the partners the opportunity to request the funds if they should become in need of them. If the Trustee should object to the request, the agreement requires the parties to place the request before the Court. This protects the partners' interests by providing for an objective balancing of their needs with their potential liability.

Based upon the foregoing analysis, it must be concluded that the proposed settlement agreement is an equitable resolution of the issues before the Court. It respects the interests of all parties without jeopardizing their interests. Had this case ever been submitted to this Court for adjudication, a circumstance which has, as a practical matter, resulted from Jesionowski's

Objection, it is likely that the Court would have reached a similar result. Therefore, it must be concluded that journalization of the proposed judgment entry would be in the best interests of justice and should be approved.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for the Journalization of a Stipulation and Order be, and is hereby, GRANTED. The Entry proposed by the Trustee will be entered of record under separate cover.