**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Roscoe R. BETZ, Jr., et al., Defendants.**

**Bankruptcy No. 85–0024.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 19, 1990.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Stephen P. Harbeck, Washington, D.C., for SIPC.

Edward F. Zoltanski and Russell Miller, Toledo, Ohio, for Roscoe R. Betz, Jr.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, II.

Randy L. Reeves, Lima, Ohio, for Louis Haubner, Jr.

Charles V. Contrada and Dennis F. Keller, Holland, Ohio, for Donald C. Henninger.

Philip R. Joelson, Toledo, Ohio, for J. Robert and Marilyn J. Jesionowski.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

David W. Wicklund and Deborah L. Kovac, Toledo, Ohio, for John E. Thompson and George M. Todd.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

David P. Rupp, Jr., Archbold, Ohio, for Beverly Betz.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Trustee's Motion for Summary Judgment Against Defendants R. Betz, Coon, Henninger, R. Jesionowski, McGhee, Thompson, Todd, and Wolfram. The Trustee filed a Memorandum in Support of his Motion for Summary Judgment. Memoranda in Opposition to the Trustee's Motion for Summary Judgment were filed by Roscoe R. Betz, Jr., J. Robert Jesionowski, Thomas L. McGhee, John E. Thompson, and George M. Todd. The Trustee has filed various reply Memoranda. A settlement is pending between Roscoe R. Betz, Jr. and the Trustee. Consequently, this Opinion will not address the Trustee's Motion for Summary Judgment against Mr. Betz. The Court has reviewed the exhibits, affidavits, and the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Motion for Summary Judgment should be granted.

## FACTS

The facts in this case are not in dispute. The Plaintiff in this action is the Trustee of Bell & Beckwith, the Debtor in the underlying bankruptcy proceeding. Bell & Beckwith was a stock brokerage located in Toledo, Ohio. The brokerage operated as a partnership and was managed by Edward P. Wolfram, Jr. (hereinafter "Mr. Wolfram"). Starting in approximately 1973, Mr. Wolfram began systematically diverting cash and securities held by the brokerage in customer margin accounts. At the time Mr. Wolfram's fraud was discovered by a Securities & Exchange Commission examiner in 1983, Wolfram had left Bell & Beckwith indisputably insolvent.

The Defendants were all general partners of Bell & Beckwith on February 5, 1983. *See, Answer of Robert R. Coon, II,* at ¶ 1; *Answer of Defendant, John E. Thompson,* at ¶ 112; *Answer of Defendant, George M. Todd,* at ¶ 13; *Answer of Edward P. Wolfram, Jr.,* at ¶ 2; *Memorandum in Reply to Defendant John E. Thompson's Opposition to Plaintiff's Motion to Strike and For Summary Judgment,* (October 26, 1987), *Affidavit of Patrick A. McGraw, Trustee,* Exhibit 1 (Certificate of Limited Partnership on file with the Lucas County Recorder on February 5, 1987) and Exhibit 8 (Letterhead of Bell & Beckwith); *Answer of Thomas L. McGhee* in Adversary Case 83-0184 (May 2, 1983) at

¶ 4; *Objection to Trustee's Proposed Settlement with Frederick S. Todman & Company, et al and Objection to Trustee's Proposed Agreement with BBS, Inc., Trustee and AMC Trustee,* in main case 83–0132 (June 11, 1987); *Securities & Exchange Commission v. Bell & Beckwith,* Civil Action No. C–83–103, *Consent and Stipulation of Defendant Bell & Beckwith,* (February 11, 1983)(signed by J. Robert Jesionowski); *see also, In re Bell & Beckwith,* 77 B.R. 606, 608 (Bankr. N.D. Ohio 1987); *In re Bell & Beckwith,* 50 B.R. 440, 442 (Bankr. N.D. Ohio 1985); and Adversary Case 83–0184 (in which a preliminary injunction was entered with respect to each of the above Defendants under § 723(b)).

The Trustee has filed an Affidavit and Statement of Deficiency of Partners' Capital dated August 31, 1987. The Statement of Deficiency shows a minimum deficiency in Partners' Capital of Thirty Million Two Hundred Forty-two Thousand Four Hundred Nine Dollars and Fifteen Cents ($30,242,409.15). The Trustee has rounded that amount to Thirty Million Dollars ($30,000,000.00) and seeks Summary Judgment against the partners for that amount under 11 U.S.C. § 723(a). The minimum deficiency is based upon each claim of the estate realizing the maximum of potential cash that can conceivably be obtained. *See, Memorandum In Support of Motion for Summary Judgment Against R. Betz, Coon, Henninger, R. Jesionowski, McGhee, Thompson, Todd and Wolfram,* (October 9, 1987), *Affidavit of Patrick A. McGraw, Trustee,* Exhibit 1, ¶ 5 at 3. This includes assuming the full collectability of all judgments. *Id.,* ¶ 5 at 3. The Statement also assumes the estate would have insufficient funds to make any additional distributions to partially unpaid customers from Customer Fund Property. Consequently, all securities were deemed to belong to the estate, as well as interest and dividends attributable to those securities. *Id.,* ¶ 5 at 3–4. Certain escrow accounts were also deemed to belong to the estate. *Id.,* ¶ 5 at 4.

The Court notes that while no significant additional assets have been discovered, some of the "assets" which were assumed under the Trustee's optimistic scenario have not been realized. For example, the Court takes judicial notice of the United States District Court's decision in *Patrick A. McGraw, Trustee v. Liberty Airlines, Inc.,* 114 B.R. 475 (N.D.Ohio 1989).

The Court will discuss the Partners' Objections to the Trustee's Motion for Summary Judgment *infra.* However, based on its review of the Trustee's affidavit, the Statement of Deficiency, and the voluminous materials filed in this case, the Court finds that the minimum deficiency in partnership capital is greater than Thirty Million Dollars ($30,000,000.00).

## LAW

### A. JURISDICTION

■ Several of the partners have denied that this Court has subject matter jurisdiction over the instant adversary proceeding. Nevertheless, this Court has jurisdiction based upon a number of different statutes. Under the Securities Investor Protection Act (hereinafter "SIPA"), the United States District Court issues a protective decree and appoints a trustee for the liquidation of an insolvent brokerage. Immediately thereafter, the case is removed to the Bankruptcy Court. *See,* 15 U.S.C. § 78eee(b)(2)(A). The Bankruptcy Court thereafter has all of the jurisdiction, powers, and duties conferred by SIPA upon the court to which application for the protective decree was made. *Id.* Under SIPA, the Court has exclusive jurisdiction over all of the debtor's property, wherever located. *See,* § 78eee(b)(2)(A). "Property of the estate" is defined in 11 U.S.C. § 541(a)(1) and (7) as including all the debtor's legal or equitable interests in property, whether tangible or intangible, as of the commencement of the case, or that are acquired after the commencement of the case.

■ Under the Bankruptcy Code, this adversary case is a core proceeding. The cause of action arises under Title 11. *See,* § 157(b)(1) and § 723; *see also, In re Riv-*

*erside–Linden Inv. Co.,* 85 B.R. 107, 113–114 (Bankr.S.D.Cal.1988); *In re Downtown Inv. Club III,* 89 B.R. 59, 65 (9th Cir. BAP 1988). The list of core proceedings set forth in 28 U.S.C. § 157 is not exclusive. However, § 157(b)(2)(A), (E) and (O) support this action's core status. The Trustee is seeking recovery of the deficiency in the estate of Bell & Beckwith from the general partners of the firm under 11 U.S.C. § 723(a). While the Trustee's right to recover under § 723 parallels the provisions of Ohio's version of the Uniform Partnership Act (hereinafter "UPA"), the fact that state law will affect the resolution of this case is not grounds for finding this action to be non-core. *See,* § 158(b)(3). Moreover, a review of cases involving § 723(a) reflect that judgments against partners have been issued by Bankruptcy Courts. *See, Matter of Barton & Ludwig,* 37 B.R. 377 (Bankr.N.D.Ga.1984); *In re Lamb,* 36 B.R. 184 (Bankr.E.D.Tenn.1983); *and cf., In re City Communications, Ltd.,* 105 B.R. 1018 (Bankr.N.D.Ga.1989).

█ It is also important to remember that the Debtor is a partnership, and the Defendants are general partners. While the tendency under the UPA has been to emphasize to a greater extent the "entity" aspect of the partnership relationship, in many ways a partnership is merely an "aggregate" of the individual partners. 59A Am.Jur.2d *Partnership* §§ 5–11 at 237–241. To the extent that the partnership is viewed as an aggregate of its general partners, the Defendants are already before the Court. *Cf., Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

## B. THE JURY DEMAND OF THOMAS L. McGHEE

In a recent decision, the United States Supreme Court addressed the right to a jury trial in bankruptcy proceedings. *Granfinanciera, S.A. v. Norberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In determining if there is a right to a jury trial, the United States Supreme Court set forth a three part analysis that focuses on the traditional Seventh Amendment distinc-

tion between legal and equitable causes of action as they existed in 1791.

While this Court will not engage in a full *Granfinanciera* analysis, it should be noted that historically, accounts were taken, dissolutions decreed, and partnerships were wound up in the Courts of Chancery. G. Spence, *The Equitable Jurisdiction of the Court of Chancery* Ch. 21, § 2 at 665–666 (1846); G. Bispham, *The Principles of Equity: A Treatise on the System of Justice Administered in the Courts of Chancery* Part III, Ch. 5, § 505 at 555–556 (4th ed. 1887). Bills for the administration of partnership assets were also filed in equity. G. Bispham, *The Principles of Equity* Part III, Ch. 5, § 509 at 558 (4th ed. 1887). Another analogous equitable action that was available when the assets of the partnership were insufficient was a creditor's bill against the partners. *Id.,* at §§ 520–522 at 568–570.

█ In any event, the right to a jury trial exists only when there are genuine issues of material fact for a jury to decide. *Ex parte Peterson,* 253 U.S. 300, 310; 40 S.Ct. 543, 546, 64 L.Ed. 919, 924 (1920); *Kelly v. U.S.,* 789 F.2d 94, 97 (1st Cir.1986); *Robinson v. Brown,* 320 F.2d 503, 504 (6th Cir.1963); *In re Tikijian,* 76 B.R. 304, 313 (Bankr.S.D.N.Y.1987). Accordingly, there being no genuine issues of material fact in this case, Summary Judgment may be granted despite the jury demand of Thomas McGhee.

## C. RULE 56(f)

Thomas McGhee has opposed the granting of the Trustee's Motion for Summary Judgment because of his alleged need to conduct further discovery of the Trustee. Rule 56(f) of the Federal Rules of Civil Procedure states:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or

discovery to be had or may make such other order as is just.

Mr. McGhee has filed an affidavit in this case, stating that he requires additional time to pursue further discovery. Specifically, Mr. McGhee alleges that the Statement of Deficiency in Partners' Capital contains assumptions which give rise to genuine issues of material fact.

Rule 56(f) is intended as a safeguard preventing a premature grant of summary judgment against a party without access to the facts necessary to justify opposition to the movants affidavit. However, Rule 56(f) may not be used as a delaying tactic. Consequently, "a request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." 10A C. Wright. A. Miller, M. Kane, *Federal Practice and Procedure*, § 2741 at 553 (1983); *see also, Koplove v. Ford Motor Company*, 795 F.2d 15, 18 (3rd Cir.1986); *Burlington Coat Factory Wrhse. v. Esprit de Corp.*, 769 F.2d 919, 926ʼ (2nd Cir.1985); *Walters v. Ocean Springs*, 626 F.2d 1317, 1321–1322 (5th Cir. 1980) (per curiam); *and cf., Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1361 n. 22 (6th Cir.1989). Here, Mr. McGhee has filed no discovery requests upon the Trustee. Accordingly, his Rule 56(f) Motion should be denied.

### D. J. ROBERT JESIONOWSKI'S MOTION TO STRIKE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

J. Robert Jesionowski has filed a Motion to Strike the Trustee's Motion for Summary Judgment based upon an Order entered by this Court on August 28, 1985. The Order states, in total, the following:

### ORDER

This cause comes before this Court for Pre–Trial Conference and Case Status. For good cause shown, it is

ORDERED that this matter be continued to further Order of the Court.

Clearly, the Order continues the Pre–Trial and the Status Conference, and not, as Mr. Jesionowski contends, the entire proceeding. The Order cannot be read as staying the Trustee from filing his Motion for Summary Judgment. No notice was sent indicating that the Trustee might be prohibited from filing a Motion for Summary Judgment, nor was any Hearing held on that issue. The Order simply reflects language that allows the Court to reset the Pre–Trial and Status Conference upon the call of the Court, or on an expedited basis, if such action would be appropriate. Thus, no "stay" was ever in effect, no Hearing to lift a nonexistent "stay" is required, and the Motion should be denied.

### E. J. ROBERT JESIONOWSKI'S MOTION TO DISMISS

In his Motion to Dismiss, J. Robert Jesionowski has argued that in order for the Trustee to "have a claim" against him, two (2) conditions precedent must exist: "(1) the deficiency of the partnership property *must* be determined, and (2) the amount of all allowed claims in the case *must* be determined."

Defendant Jesionowski's argument presumes that a judicial determination of the deficiency in partnership property is necessary before the Trustee can bring an adversary action against the general partners of the Debtor under § 723(a). The Court disagrees. *Collier on Bankruptcy* indicates that the trustee's claim under § 723(a) is a chose in action to be asserted under § 544(a). Bankruptcy Code § 546 limits actions under § 544(a) to two (2) years from the appointment of the trustee. *In re Downtown Inv. Club III*, 89 B.R. 59, 65 (9th Cir. BAP 1988); 4 *Collier on Bankruptcy* ¶ 723.02 at 723–4 (15th ed. 1989). Requiring the exact deficiency to be determined prior to allowing a trustee to file a complaint would result in § 723(a) being unavailable in all but the most uncomplicated liquidations.

Instead, it has been stated that a trustee is only required to determine, with reasonable certainty, that a deficiency exists. *See, In re I–37 Gulf Ltd. Partnership*, 48 B.R. 647, 649 (Bankr.S.D.Tex.1985)

(dicta). This standard is no more exacting than that required of every pleading filed with a federal court. *See,* Fed.R.Civ.P. 11. It is also in keeping with the policy underlying Rule 56(c) which permits Summary Judgment on the issue of liability despite the existence of a genuine issue as to damages. *See,* Fed.R.Civ.P. 56(c). Accordingly, the Court finds that the Trustee's Complaint was filed in compliance with § 723(a), and that the first portion of Defendant Jesionowski's argument should be rejected.

■ The second part of Mr. Jesionowski's motion deals with the determination of the amount of "allowed claims" in this case. Problems associated with this language have been noted. As Judge Ralph H. Kelley observed in the *Lamb* case:

> The statute also deals only with *allowed* unsecured claims. This may present problems since claims are automatically allowed if a proof of claim is timely filed and if no objection is filed. 11 U.S.C. § 502(a). At any one time during a case the allowed claims are those for which proofs have been filed but no objections have been filed, even though some may be objected to later. A problem will arise if after the judgment some claims are disallowed, but the problem can be dealt with when it arises.

*In re Lamb,* 36 B.R. 184, 189 (Bankr.E.D. Tenn.1983).

The position that all allowed claims must be judicially determined prior to the Court issuing any judgment against the partners must be rejected. Nothing prevents the Trustee from proving an amount less than the amount of the final deficiency and accepting a judgment for that minimum amount. If the partners feel they want to pay the excess deficiency, they would appear to be free to do so on a voluntary basis.

## F. THE VARIOUS MOTIONS TO STAY DETERMINATION OF THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

■ The Court has been reluctant to enter an order in this adversary proceeding while settlement negotiations were continuing between the parties. The liquidation of Bell & Beckwith has caused many hardships for the community, and for the individuals involved and their families. However, the combination of Edward P. Wolfram, Jr.'s massive fraud and the obligations of general partners under bankruptcy and state law can produce a harsh result. It had been the hope of this Court that settlements could have mitigated some of the harshness. That hope remains, but the time has come to deal with the legal issues raised in this case. Thus, the Motions to stay should be denied.

## G. THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

The Trustee's Motion for Summary Judgment is filed under Rule 56(c), which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*See,* Bankruptcy Rule 7056 and Fed.R. Civ.P. 56(c).

If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *U.S. v. Porter,* 581 F.2d 698, 703 (8th Cir.1978); *U.S. v. Feinstein,* 717 F.Supp. 1552, 1555 (S.D.Fla. 1989); *Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.,* 659 F.Supp. 526, 529 (W.D.Mo.1987). Summary judgment is not "a disfavored procedural shortcut". Rather, it is "an integral part of the Federal Rules as a whole". *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986).

■ The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of any genuine issues of material

fact. *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970). However, the evidence favoring the non-moving party must be more than "merely colorable". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986). It must do more than create a mere suspicion of the existence of a fact or state of facts. *Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986); *Knickerbocker Toy Co., Inc., v. Genie Toys Inc.,* 491 F.Supp. 526, 529 (E.D.Mo. 1980).

▆ The Trustee seeks Summary Judgment pursuant to § 723(a), which at the time this case was commenced, stated:

**§ 723. Rights of partnership trustee against general partners.**

(a) If there is a deficiency of property of the estate to pay in full all claims allowed in a case under this title concerning a partnership, then each general partner in such partnership is liable to the trustee for the full amount of such deficiency.

This section was amended in 1984, but no substantive changes were intended. *In re Diversified Investors Fund XVII,* 91 B.R. 559, 561 (Bankr.C.D.Cal.1988); *In re Kaveney,* 60 B.R. 34, 36 (9th Cir. BAP 1985).

In the present case, the Court finds that there is no genuine issue of material fact as to the status of the Defendants as general partners. Under § 723(a), the general partners are personally liable for the full amount of the Bell & Beckwith deficiency. *See e.g., In re Massetti,* 95 B.R. 360, 365 (Bankr.E.D.Pa.1989). The Trustee has shown that there is, without question, a deficiency in the property of the estate to pay in full all claims which are allowed in this case. Further, the Defendants have been unable to raise even a suspicion that the deficiency would be any less than the minimum of Thirty Million Dollars ($30,-000,000.00) sought by the Trustee in his Motion for Summary Judgment. Thus, the Defendants in this case are personally liable for at least the Thirty Million Dollars ($30,000,000.00) sought by the Trustee.

▆ Thirty Million Dollars ($30,000,-000.00) appears to far exceed the assets and potential earnings of the Defendants. Nevertheless, minor issues have been raised, such as whether attorneys' fees attributable to the Trustee's cooperation with the federal authorities in the criminal aspects of Bell & Beckwith's collapse should be chargeable to the general partners. In the interest of judicial economy, and to allow a more rapid resolution of this case, the Court will grant a judgment in the amount of Twenty-nine Million Dollars ($29,000,000.00). It is the hope of this Court to thereby resolve issues involving the inclusion of any claims for amounts that total less than One Million Dollars ($1,000,000.00). This approach appears to be warranted in the present case, where the size of the judgment is so disproportionate to the Defendants' ability to pay.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Separate Motion of Defendant, J. Robert Jesionowski, to Dismiss, be, and is hereby, Denied.

It is FURTHER ORDERED that J. Robert Jesionowski and Marilyn J. Jesionowski's Motion to Stay and/or Suspend Proceedings, be, and is hereby Denied.

It is FURTHER ORDERED that the Motion of Defendant, George M. Todd, to Stay Determination of Motion for Summary Judgment, be, and is hereby, Denied.

It is FURTHER ORDERED that the Motion of Defendant, J. Robert Jesionowski, to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, for an Order of the Court to Stay Determination of Plaintiff's Motion for Summary Judgment, be, and is hereby, Denied.

It is FURTHER ORDERED that the Trustee's Motion for Summary Judgment Against Defendants R. Betz, Jr., Coon, Henninger, R. Jesionowski, McGhee, Thompson, Todd, and Wolfram, be, and is hereby, Granted as to all Defendants except Roscoe R. Betz, Jr.

It is FURTHER ORDERED that Edward P. Wolfram, Jr. be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that Robert R. Coon, II be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that J. Robert Jesionowski be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that Donald C. Henninger be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that Thomas L. McGhee be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that John E. Thompson be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that George M. Todd be, and is hereby, held personally liable for the full amount of the Bell & Beckwith deficiency.

It is FURTHER ORDERED that Judgment be, and is hereby, Granted in favor of the Trustee and against Edward P. Wolfram, Jr., Robert R. Coon, II, J. Robert Jesionowski, Donald C. Henninger, Thomas L. McGhee, John E. Thompson, and George M. Todd, jointly and severally, for the amount of Twenty-nine Million Dollars ($29,000,000.00).