## DAVIS v. WILLEY.

### In re WILLEY.

(District Court, N. D. California, Second Division. February 3, 1920.)

#### No. 16147.

1. BANKRUPTCY &#9901;&#10233;185—RIGHT OF ACTION OF TRUSTEE TO AVOID FRAUDULENT TRANSFER STATED.

Bankruptcy Act, § 70e (Comp. St. § 9654), providing that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and may recover the property so transferred," merely vests the trustee with the same rights possessed by the creditor under the state law, and confers on him no additional rights.

2. LIMITATION OF ACTIONS &#9901;&#10233;100(3)—ACTION BY TRUSTEE TO AVOID FRAUDULENT TRANSFER BARRED BY LIMITATION.

An action by the trustee to recover property transferred by bankrupt in fraud of creditors held barred by the three-year limitation of Code Civ. Proc. Cal. § 338, where the creditor in whose right the action was brought obtained knowledge of the facts of the transaction, clearly indicating fraud, more than three years prior to the suit.

3. LIMITATION OF ACTIONS &#9901;&#10233;100(13)—CONSTRUCTIVE NOTICE OF FRAUD.

In actions based on fraud, where the rights of a party are dependent on his diligence in discovering the fraud, knowledge of facts which should put a reasonable man on inquiry invests the suitor in legal contemplation with full knowledge of all that such inquiry would have developed.

At Law. Action by John C. Davis, trustee in bankruptcy by Charles F. Willey, against E. T. Willey. Judgment for defendant.

J. C. Webster, of Sonora, and William H. Bryan, of San Francisco, for plaintiff.

William E. Billings, of San Francisco, for defendant.

&#9901;&#10233;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN FLEET, District Judge. [1] This is an action at law by a trustee in bankruptcy to recover a certain fund alleged to have been transferred by the bankrupt to his brother in fraud of the rights of his creditors. It is admittedly prosecuted under the authority of section 70e of the Bankruptcy Act (Comp. St. § 9654), which provides that—

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred," etc.

It is well established that the effect of this section is to clothe the trustee with no new or additional right in the premises over that possessed by a creditor, but simply puts him in the shoes of the latter, and subject to the same limitations and disabilities that would have beset the creditor in the prosecution of the action on his own behalf; and the rights of the parties are to be determined, not by any provision of the Bankruptcy Act, but by the applicable principles of the common law, or the laws of the state in which the right of action may arise. In other words, the Bankruptcy Act merely permits the trustee to assert the rights which the creditor could assert but for the pendency of the bankruptcy proceedings, and if, for any reason arising under the laws of the state, the action could not be maintained by the creditor, the same disability will bar the trustee. Collier on Bankruptcy (10th Ed.) 1042 (f) and (g); In re Mullen (D. C.) 101 Fed. 413; Holbrook v. First International Trust Co., 220 Mass. 150, 107 N. E. 665; Manning v. Evans (D. C.) 156 Fed. 106.

[2] The rights of the trustee being governed by these limitations, I am of opinion that the defense of the statute of limitations interposed by defendant must be sustained. That defense is based on section 338 of the Code of Civil Procedure of this state, fixing the limitations of time within which actions must be commenced, subdivision 4 of which provides:

"Within three years: * * * An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

It appeared in evidence at the trial that in an action brought in the state court by the defendant here against the sheriff to recover property seized by the latter in satisfaction of a judgment theretofore recovered by McGinn, the creditor in whose right the present action is sought to be maintained, against C. F. Willey, the bankrupt, whose estate the trustee represents, and which was tried in March, 1914, if was disclosed by testimony given in the presence of McGinn and his counsel that pending that suit there had been a surreptitious, clandestine, and presumptively fraudulent transfer on the books of a local bank by the judgment debtor to his brother, this defendant, of a part of the same fund here sought to be recovered. This disclosure was of a character and the circumstances such as to put any reasonable man upon inquiry at the time as to the fraud, and to clearly indicate that an investigation would then have exposed to McGinn and his at-

torney the entire transaction set forth in the complaint and involved in the present action. But no such investigation was made, for what reason it does not appear, and this action was not commenced until more than four years after the creditor was thus made aware of the facts stated.

[3] No principle is better settled in actions based upon fraud, and where the rights of a party are dependent upon his diligence in discovering the fraud, than that means of knowledge is knowledge itself; that knowledge of facts which should put a reasonable man upon inquiry invests the suitor in legal contemplation with full knowledge of all that such inquiry would have developed. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Norris v. Haggin (C. C.) 28 Fed. 275; Teall v. Schroder, 158 U. S. 172, 15 Sup. Ct. 768, 39 L. Ed. 938; Archer v. Freeman, 124 Cal. 528, 57 Pac. 474; Bills v. Silver King Mining Co., 106 Cal. 9, 39 Pac. 43; Truett v. Onderdonk, 120 Cal. 581, 53 Pac. 26; Burke v. Maguire, 154 Cal. 456, 98 Pac. 21.

The facts thus disclosed to the knowledge of the creditor more than four years before the bringing of this action clearly brings him, and the trustee who represents him, within the terms of the statute, as barring the maintenance of the action. I have not overlooked the contentions of plaintiff as to the effect of section 11d of the Bankruptcy Act (Comp. St. § 9595); but it is sufficient to say, without further discussion, that I am wholly unable to sustain his view.

This conclusion as to the bar of the statute renders it unnecessary to definitely consider the further defense of res judicata, although I am strongly inclined to the view that, if necessary, it would have to be sustained.

Judgment will go in favor of defendant, dismissing the action, and for costs.