.HEFFRON v. DUGGINS et al.

No. 9525.

Circuit Court of Appeals, Ninth Circuit.

Nov. 23, 1940.

Rehearing Denied Dec. 27, 1940.

Earl E. Moss, of Los Angeles, Cal., for appellant.

Lyle W. Rucker, of Los Angeles, Cal., for appellees.

Before DENMAN and MATHEWS, Circuit Judges, and McCORMICK, District Judge.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing appellant's suit to declare certain real property held by Harriet M. Duggins

to be the property of appellant as trustee because of its alleged conveyance to her in fraud of creditors by appellee Charles Hayden Duggins, hereafter called the debtor, some 12 years before he was adjudicated a bankrupt and 13 years before March 1, 1939, when the complaint was filed below.

The District Court first held the fraud had been committed and judgment was entered holding appellant, as such trustee, to be the owner of the property. The judgment was set aside on the granting of a new trial, and the court repeated its finding of the fraud but held that the trustee's action was barred by the provisions of subdivision 4 of § 338 of the California Code of Civil Procedure and by laches. Section 338, in subdivision 4, provides a three-year limitation for "An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

■ Under the California law the burden of proof that the fraud was not discovered until within three years of the filing of the suit for relief therefrom is upon the appellant trustee. Prewett v. Dyer, 107 Cal. 154, 159, 40 P. 105; Gray v. Yarborough, 61 Cal.App. 724, 731, 215 P. 914; Lichtenberg v. Burdell, 101 Cal. App. 20, 48, 281 P. 518; Vogel v. Marsh, 120 Cal.App. 99, 101, 7 P.2d 756; 118 A.L.R. 1002, 1004.

■ Under the Bankrupty Act the trustee may set aside such a transfer as here claimed to be made in fraud of creditors though but one of the several creditors would be entitled to such relief in the absence of bankruptcy, and the property when recovered by the trustee is held for the benefit of all the creditors. The provision is: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act [title] which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason *by any creditor*

of the debtor, having a claim provable under this Act [title], shall be null and void as against the trustee of such debtor." (Italics supplied.) Bankruptcy Act, subdivision e(1) of Section 70, 11 U.S.C.A. § 110, sub. e(1).

The trustee's claim is, in effect, that he is entitled to sue to set aside the transfer because one Reidsma, a judgment creditor, named in the schedules and the only claimant in the bankruptcy proceeding, would be entitled to maintain the action if Duggins had not become bankrupt. Reidsma acquired by assignment from one Miller a claim of a partnership of Miller & Copeland against the debtor. Reidsma so acquired the Miller & Copeland claim prior to February 23, 1933, because on that day a judgment was entered against the debtor in favor of "H. J. Reidsma, d. b. a. [doing business as] The National Protection Agency[1] for $1,246.94, the amount of his claim in bankruptcy. This was more than three years prior to October 20, 1938, the date of the filing of the debtor's petition in bankruptcy and his adjudication in bankruptcy.

■ The trustee produced Miller, the assignor of the claim to Reidsma, who testified that he knew nothing of the transactions between the debtor and Harriet White with respect to the transfer of the property. There is evidence which, it is claimed, put Miller on notice. We need not consider this because the record is barren of evidence of absence of knowledge or of facts putting on inquiry concerning either Copeland, Miller's partner, or Reidsma.

Reidsma held the assigned claim for at least two years and nine months prior to the three years before the adjudication and over three years before the statutory period began prior to the filing of the instant suit. The evidence regarding Reidsma is that he held the claim during all this period prior to the commencement of the three years before the present suit, and that at some later time the debtor had told Reidsma that the property belonged

---

[1] The schedules show both Reidsma's claim upon the judgment secured by him against the debtor and a claim of Miller & Copeland, which Miller describes as a co-partnership. The parties stipulated that the claims are one and the same and the appellant's brief describes Miller as "the person who assigned a claim against the respondent, Charles Hayden Duggins, to H. J. Reidsma upon which judgment was secured in the Los Angeles Municipal Court in the sum of $1246.95 on February 23, 1933, and renewed on March 7, 1938," and at another place says that Miller "is the assignor of H. J. Reidsma, and United States Credit Bureau, Inc., creditors of the said bankrupt."

to Mrs. Duggins and not to the debtor. There is nothing to sustain the trustee's burden of proof that neither Reidsma nor Copeland had the necessary absence of knowledge or of possession of facts calling for investigation of possible fraud. The District Court committed no error in holding that the trustee's action was barred by § 338(4) of the California Code of Civil Procedure.

Affirmed.

MATHEWS, Circuit Judge, concurs in the result.

**3. Courts ⊜⇒351½**

Under statute, plaintiffs could have amended complaint for purpose of showing diversity of citizenship necessary to give District Court jurisdiction, but where they did not seek to amend but, instead, after court had dismissed action on merits, moved to dismiss action for want of jurisdiction, motion should have been granted. Jud.Code § 274c, 28 U.S.C.A. § 399.