**In re GOLDEN H PACKING COMPANY, a partnership of Thomas R. Haddad and Abraham A. Haddad, Deceased, Debtor.**

**Timothy J. HENDERSON, Trustee in Bankruptcy for Debtor, Plaintiff,**

v.

**Caroline HADDAD, Defendant.**

**Bankruptcy No. 80–00342.
Adv. No. 80–0085.**

United States Bankruptcy Court,
D. Nevada.

May 22, 1981.

---

112

John R. Martz, Henderson, Nelson & Moschetti, Reno, Nev., for plaintiff.

Vizzard, Baker, Sullivan & McFarland, Bakersfield, Cal., for defendant.

OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

This is an action by the trustee in bankruptcy of Golden H Packing Company

(G.H.P.) to establish the liability of the widow of a partner in G.H.P. for debts of G.H.P. under 11 U.S.C. § 723.

Plaintiff moved for summary judgment for indemnity of any deficiency in the bankruptcy estate. Defendant also moved for summary judgment.

Abraham A. Haddad (Abe), former husband of defendant, and his brother, Thomas R. Haddad (Tom), were equal partners in G.H.P., a farming related business in Kern County, California, until the partnership was dissolved by Abe's death on February 28, 1979.

Abe's estate was admitted to probate in the Kern County, California Superior Court. Defendant did not elect to have her interest in community property assets administered. Notice to creditors was by publication, and the time for filing claims against Abe's estate under Cal.Prob.Code § 707 (West) expired on September 3, 1979.

Unaudited financial statements show that G.H.P. was insolvent at the time of Abe's death. G.H.P. filed its petition in bankruptcy on June 3, 1980. It is anticipated that there will be a deficiency in the bankruptcy estate.[1]

■ Plaintiff contends that defendant is personally liable under 11 U.S.C. § 723 and Cal.Civ.Code § 5116 (West) for any deficiency resulting from the debts of G.H.P. chargeable against the property of the community (i. e., debts existing at Abe's death as well as debts incurred in the dissolution).[2] Additionally, plaintiff contends that defendant's separate property is liable for the debts incurred after dissolution because she failed to terminate the partnership business and thereby acted as a dormant partner.[3]

Defendant argues that her community property is not liable except to those creditors who filed a timely claim in her husband's estate. Defendant denies that she was a dormant partner.

## I.

The issue is whether a partner's widow is nevertheless liable under the Bankruptcy Code although the trustee's claim is barred by state law.

Section 723(a) grants the bankruptcy trustee a right of recovery of any deficiency from each general partner who is not a debtor in a bankruptcy proceeding. Section 5116 broadens the scope of liability of federal law providing:

The property of the community is liable for the contracts of either spouse which are made after marriage and prior to or on or after January 1, 1975.

■ A timely claim must be filed against the estate of a decedent under Cal.Prob. Code § 707 in order to hold a surviving spouse personally liable for the debts of the deceased spouse chargeable against the community property. *See* Cal.Prob.Code § 205 (West) which provides:

(b) If proceedings are in this state for administration of the estate of the deceased spouse . . ., any action upon the liability of the surviving spouse . . . shall be barred to the same extent as provided for claims under Article 1 (commencing with Section 700) of Chapter 12 of Division 3 except as to the following:

\* \* \* \* \* \*

(3) Creditors who file a timely claim in the proceedings.

The trustee in bankruptcy could not file a timely claim against the estate of Abe because the bankruptcy petition was not filed until nine months after the time for filing claims in the probate estate had expired. Plaintiff argues that the equity power of the Bankruptcy Court is adequate to enable

---

1. The claims of creditors of G.H.P. will approximate $6,400,000. The assets of G.H.P. are valued at approximately $3,300,000.

2. Cal.Corp.Code § 15035 (West) provides:
 (1) After dissolution a partner can bind the partnership . . .

(a) By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution; . . .

3. A dormant partner is equally liable with an active partner. *See* 60 Am.Jur.2d *Partnership* § 159 (1972).

**114**

the Court to disregard state law insofar as it limits or restricts the power of the trustee in bankruptcy. *See Cox Cotton Company*, 6 B.R. 619, 3 C.B.C.2d 615 (Bkrtcy.E.D. Ark.1980). *See also* 28 U.S.C. § 1481.

 The remedy or claim for relief of the trustee in bankruptcy under 11 U.S.C. § 723 against a partner is a chose in action on which the trustee can proceed under 11 U.S.C. § 544. The chose in action is property of the estate under 11 U.S.C. § 541(a) and may be enforced to the extent of any deficiency. 4 *Collier on Bankruptcy* 723–3 (15th ed. 1980).

Section 544 confers upon the bankruptcy trustee the status of an ideal creditor armed with every right and power which is conferred by state law upon its most favored creditor who has acquired a lien by legal or equitable proceeding. 4 *Collier, supra* at 544–4. The trustee's powers are those which the nonbankruptcy law would allow to a hypothetical creditor of the debtor. Section 544 does not confer on the trustee any greater rights than those accorded by nonbankruptcy law to such a creditor. *Heffron v. Duggins*, 115 F.2d 519 (9th Cir. 1940). Thus, if a creditor is deemed barred from recovery because of the running of a statute of limitations prior to the commencement of the case, the trustee is likewise rendered impotent. The leading case cited by 4 *Collier, supra* at 544–20 is *Davis v. Willey*, 263 F. 588 (D.Cal. 1920) *aff'd*, 273 F. 397 (9th Cir. 1921), where the Court declared that "if, for any reason arising under the laws of the state the action could not be maintained by the creditor, the same disability will bar the trustee." [4]

 Section 707 is in the nature of a statute of limitations, and the application of Section 707 to this case is not prohibited by Cal.Corp.Code § 15045 (West).[5] Creditors of G.H.P. who did not file claims against

the estate of Abe Haddad are barred from asserting claims against the defendant. The bankruptcy trustee, in his capacity as a hypothetical lien creditor, has no greater rights than the G.H.P. creditors.

**II.**

 Plaintiff's argument that defendant should be considered a dormant partner is without merit. The evidence does not support that argument. The conduct of defendant following the death of Abe does not constitute partnership activity.

Let Judgment be entered granting defendant's motion for summary judgment and dismissing plaintiff's motion for summary judgment on all causes of action.

---

**4.** The new Code has not changed the rule of the old Bankruptcy Act. *See* former 11 U.S.C. § 29(e). The trustee had two years subsequent to adjudication upon any claim upon which the period of limitation had not expired prior to bankruptcy.

**5.** Section 15045 provides in part:

The rights and duties of . . . the creditors of the partnership created by or defined in this chapter shall be given full force and effect notwithstanding any provision inconsistent therewith in the Probate Code, *but nothing in this chapter shall otherwise effect any provision of the Probate Code*. (Emphasis added.)