In the Matter of BARTON & LUDWIG, A Georgia General Partnership, a/k/a Highway 41 Associates, Debtor.

Harry W. PETTIGREW, in the office and capacity of Trustee of Barton & Ludwig, A Georgia General Partnership, a/k/a Highway 41 Associates, Plaintiff,

v.

Chandler B. BARTON, individually and as general partner of Barton & Ludwig, A Georgia General Partnership, a/k/a Highway 41 Associates, Defendant.

Bankruptcy No. 80–04039A.
Adv. No. 82–2159A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 24, 1984.

Harry W. Pettigrew, Atlanta, Ga., for plaintiff.

E. Penn Nicholson, Atlanta, Ga., for defendant.

## AMENDED MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled adversary complaint is before the Court on Defendant's Motion for Partial Summary Judgment. Barton & Ludwig, a General Partnership, a/k/a Highway 41 Associates (hereinafter "Debtor-Partnership") filed for relief under Chapter 11 by L.T. Ludwig, a general partner. Subsequent thereto, the Chapter 11 case was converted to a Chapter 7 proceeding. Plaintiff, Trustee herein, then brought this adversary complaint to determine the deficiency of partnership property of the estate of the Debtor-Partnership to pay in full all claims and to hold Defendant Barton, as a general partner of the Debtor-Partnership, liable therefor, pursuant to 11 U.S.C. §§ 544(a), 723.

The Court entered an Order and Memorandum of Opinion on August 16, 1983 granting Defendant's Motion for Partial Summary Judgment. That Order and Memorandum of Opinion were then rescinded after the Court was informed that Plaintiff never received a copy of Defendant's motion. See Order of August 18, 1983. Plaintiff has now filed a brief, and after considering said brief, the Court adopts its previous Order and Memorandum of Opinion of August 16, 1983, modified as follows in order to address the contentions raised by Plaintiff.

## I.

The following facts are not in dispute. In 1972 Defendant Barton and L.T. Ludwig formed Barton & Ludwig Partnership, a/k/a Highway 41 Associates (Debtor-Partnership). In March 1978, the First National Bank of Atlanta filed an action in the Superior Court of Cobb County against Debtor-Partnership, Defendant Barton, and L.T. Ludwig. The First National Bank of Atlanta sought to recover on certain promissory notes executed in its favor secured by Henry County property which was owned by Debtor-Partnership. Each promissory note was personally guaranteed by Defendant Barton and L.T. Ludwig. On November 10, 1980, First National Bank of Atlanta and Defendant Barton entered into a Settlement Agreement and a Consent Judgment. On November 10, 1980, L.T. Ludwig filed for relief under Chapter 11 and, as a general partner, filed an involuntary petition for relief under Chapter 11 against Debtor-Partnership. Under a modification of the automatic bankruptcy stay, a Consent Judgment was entered against the Debtor-Partnership, and L.T. Ludwig, jointly and severally, in favor of First National Bank of Atlanta in the amount of $925,655.00 principal and $249,344.20 interest. On July 15, 1982, the Partnership Chapter 11 was converted to a Chapter 7.

Plaintiff contends that Defendant Barton, as a general partner of Debtor-Partnership, is liable for the amount of the deficiency of the estate of Debtor-Partnership and as such must provide indemnity for or assurance of payment for any deficiency of Debtor-Partnership, pursuant to 11 U.S.C. §§ 544(a) and 723. Plaintiff's Complaint at 2.

First National Bank of Atlanta, Debtor-Partnership's largest creditor, has a deficiency claim of approximately $1,175,000 against Debtor-Partnership's estate. Brief in Support of Defendant's Motion at 4. Defendant Barton contends that by virtue of the Settlement Agreement and Consent Judgment entered into by Defendant Bar-

ton and First National Bank of Atlanta, he is not liable for any deficiency as it relates to First National Bank of Atlanta's claim. *Id.* at 5. Defendant Barton's contention is the sole issue to be decided on this motion.

The Settlement agreement provides in part:

> In consideration of the aforesaid payment of $350,000 and the covenants and agreements of Barton as set forth in this agreement, Bank does hereby covenant and agree with Barton that Bank shall not collect, execute or levy (or in any way attempt to collect, execute or levy) on any assets of Barton ... in total or partial satisfaction of the consent judgment (or of any other judgment which may hereafter be rendered in the Cobb County action or any judgment hereafter obtained by FNBA against Defendant based on any claim of FNBA in the Cobb County action.

Settlement Agreement at 5.

## II.

█ It is the creditor's rights upon which the trustee stands. The trustee has no greater right than would the creditor acting on its own behalf. *Davis v. Willey,* 263 F. 588 (N.D.Ca.1920), *aff'd,* 273 F. 397 (9th Cir.1921). *See also* 4 *Collier on Bankruptcy,* 544–20 (15th ed. 1983). "Section 544 does not confer on the trustee any greater rights than those accorded by nonbankruptcy law to the creditor. *Heffron v. Duggins,* 115 F.2d 519 (9th Cir.1940)." *Henderson v. Haddad (In re Golden H. Packing Co.),* 11 B.R. 111, 114 (Bkrtcy.D.Nev.1981). Therefore, Plaintiff trustee cannot recover for the benefit of First National Bank of Atlanta that which it could not recover for itself.*

█ Plaintiff contends that the plain language of § 723 compels that Plaintiff be allowed to collect the deficiency of First Atlanta's claim from Defendant Barton. Plaintiff's Brief at 5. Section 723(a) pro-

vides that *"[i]f there is a deficiency of property of the estate* to pay in full all claims allowed in a case under this title concerning a partnership, *then each general partner in such partnership is liable to the trustee for the full amount of such deficiency."* (emphasis added). Thus, the general rule is that a general partner of a partnership is liable for any deficiency of the partnership estate. However, as a court of equity, the Court finds that it would be unfair to allow Plaintiff to recover the deficiency from Defendant in the case *sub judice.*

The Defendant Barton and First National Bank of Atlanta are both bound by the terms of the Settlement Agreement, and full faith and credit shall be given to the consent judgment. Therefore, the Court finds that Defendant Barton shall not be held liable for, by indemnity or assurance, any deficiency which arises out of First National Bank of Atlanta's claim against Debtor-Partnership's estate.

## ORDER

In accordance with the reasoning set forth in the accompanying Memorandum of Opinion,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is hereby GRANTED; and

IT IS FURTHER ORDERED that Defendant is not liable for any deficiency of property of the estate created by the claim of the First National Bank of Atlanta, and Plaintiff is precluded from recovering such sums from Defendant.

---

* In his brief, Plaintiff has requested that the Court delete this paragraph from its opinion. Plaintiff contends that it is an incorrect statement of the law. Plaintiff's Brief at 6. The Court finds that the paragraph in question is an accurate statement of the law and, therefore, declines to delete it from this Memorandum of Opinion.