In re HOOVER WSCR ASSOCIATES LIMITED, Debtor.

Howard M. Ehrenberg, Chapter 7 Trustee of Hoover WSCR Associates Limited, Plaintiff,

v.

WSCR, Inc., also known as Reliastar Investment Research, Inc., Defendant.

Bankruptcy No. SA 98–24411JB.

Adversary No. SA 99–1718JB.

United States Bankruptcy Court, C.D. California, Santa Ana Division.

Aug. 6, 2001.

Hoover WSCR Associates Limited, Costa Mesa, CA, pro se.

Howard M. Ehrenberg, Los Angeles, CA, trustee.

## MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

The chapter 7 bankruptcy trustee (the "trustee") filed a complaint against WSCR, Inc. ("WSCR"), a former general partner of the debtor, seeking to recover $256,167.54 under 11 U.S.C. § 723(a).[1] Both parties filed motions for summary judgment under Rule 7056. After several hearings, the motions were taken under submission.[2]

### I. FACTS

The facts in this case are undisputed. In October, 1985, Hoover Street Associates ("Hoover"), a California general partnership, leased certain office space in the Hoover Shopping Center to Chris and Ann Koukladas (the "Koukladas Lease"). Pursuant to an Agreement of Limited Partnership dated December 1, 1987 (the "Partnership Agreement"), Hoover, WSCR, and Northwestern National Life Insurance Company formed Hoover–WSCR Associates Limited Partnership (the "debtor"), a California limited partnership. Hoover then transferred the Shopping Center and Hoover's rights and obligations as landlord under the Koukladas Lease to the debtor.

On June 5, 1990, the Koukladases sued the debtor and certain others defendants

---

1. Unless otherwise noted, all Chapter, Section and Rule references are to 11 U.S.C. § 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

2. I have issued tentative rulings on several issues which could be construed as findings of fact and conclusions of law. This memorandum of decision constitutes my findings of facts and conclusions of law on all issues which it addresses and replaces all prior pronouncements on those matters.

in state court seeking damages for breach of the lease. WSCR was not named as a defendant nor was it served with a summons and complaint as a party. Prior to the trial in 1992, the debtor filed a Chapter 11 petition (LA 92–17947–VZ). The trial proceeded against the remaining defendants and judgment was rendered in favor of the Koukladases (the "Koukladas Judgment"). The Koukladases did not obtain a judgment against WSCR. Prior to the date this bankruptcy case was commenced, the statute of limitation had run on the Koukladases' ability to obtain judgment against WSCR separately on that partnership debt.

On November 28, 1994, WSCR assigned its partnership interest in the debtor to Zohar Corporation and Stephen C. Groat Development.[3] In April 1995, the debtor's Chapter 11 case was dismissed. In November, 1996, the Koukladases obtained a judgment against the debtor in the amount of $401,206.94. The amount of the judgment was subsequently reduced to $256,167.54 due to an offset of a judgment the Koukladases owed to the debtor in a separate action. The debtor has not paid any portion of the judgment.

On October 21, 1998, Mr. Koukladas filed an involuntary Chapter 7 bankruptcy petition against the debtor. After the order for relief was entered, the trustee was appointed. On November 4, 1999, Mr. Koukladas filed a timely proof of claim for $256,167.54.[4] That is the only pre-petition claim asserted against the bankruptcy estate. There is no cash and no other assets in the bankruptcy estate with which to pay any claims.

On September 20, 1999, the trustee filed the present complaint under § 723(a) to recover from WSCR the amount of the judgment debt owed the Koukladases by the debtor, plus interest, attorneys' fees and other costs.

## II. DISCUSSION

The sole issues are: (1) whether WSCR is personally liable for the deficiency of bankruptcy estate assets to pay the Koukladas Judgment and therefore liable to the

---

3. The parties do not agree that WSCR assigned its interest in the debtor partnership. However, the Partnership Agreement allows general partners to assign their partnership interest and WSCR provided a copy of its assignment. The trustee did not offer evidence to refute the fair inference of the assignment and provision for such within the partnership agreement—i.e., that WSCR's assignment of its partnership interest was effective. Therefore, I have concluded that this fact is without substantial controversy.

Paragraph 12.04 of the Partnership Agreement provides that "[n]otwithstanding any assignment or transfer of a Partnership Interest, the assignor shall remain obligated and liable for and upon any obligations and liabilities hereunder." The parties agreed that WSCR has a continuing obligation for liabilities "under that agreement" notwithstanding the subsequent assignment of its interest. However, the Partnership Agreement does not contain any specific provision which would establish the liability of WSCR or any general partner for partnership debts. Therefore, it is unclear just what significance to afford the parties' stipulation as to the content of ¶ 12.04 of the Partnership Agreement or the provisions of that paragraph itself because it seems clear that WSCR did not obligate itself for partnership debts in general, or for the Koukladas debt specifically by application ¶ 12.04 of the Partnership Agreement. For purposes of the present motions, the parties agree that the assignment of WSCR's interest in the partnership does not obviate liability to the trustee in this proceeding.

4. Although the sole proof of claim in this case was filed on behalf of only Chris Koukladas, in their motions for summary judgment, the parties consistently refer to the claim as that of "the Koukladases" (i.e., Chris Koukladas and Ann Koukladas, judgment creditors of the debtor by way of the Koukladas Judgment). I make the distinction here solely for the sake of accuracy.

trustee under § 723(a) to that extent; and (2) whether WSCR is liable to the trustee under § 723 for administrative expense claims against the estate.

## I. Whether WSCR is "personally liable" for the Koukladas Claim

■ Section 723(a)[5] gives the trustee of a Chapter 7 partnership debtor certain rights against its general partners. They include the right of the trustee to pursue a claim against each general partner of the partnership for any deficiency of estate assets to pay claims against the estate. 11

U.S.C. § 723(a). However, each general partner is liable only to the extent the general partner would be "personally liable under applicable non-bankruptcy law." *Id.* Here, the "applicable non-bankruptcy law" is California law because the debtor is a California limited partnership and the conduct that gave rise to the Koukladas Judgment occurred in California.

WSCR argues that it is not "personally liable" for the deficiency under California law because the Koukladases did not sue or obtain a judgment against WSCR as required by Cal. Corp.Code § 16307[6] and

5. Section 723 provides:

(a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner to the extent that under applicable nonbankruptcy law such general partner is personally liable for such deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property.

(c) Notwithstanding section 728(c) of this title, the trustee has a claim against the estate of each general partner in such partnership that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership. Notwithstanding section 502 of this title, there shall not be allowed in such partner's case a claim against such partner on which both such partner and such partnership are liable, except to any extent that such claim is secured only by property of such partner and not by property of such partnership. The claim of the trustee under this subsection is entitled to distribution in such partner's case under section 726(a) of this title the same as any other claim of a kind specified in such section.

(d) If the aggregate that the trustee recovers from the estates of general partners under subsection (c) of this section is greater than any deficiency not recovered under subsection (b) of this section, the court, after notice and a hearing, shall determine an equitable distribution of the surplus so recovered, and the trustee shall distribute such surplus to the estates of the general partners in such partnership according to such determination.

6. Cal. Corp.Code § 16307 provides:

(a) A partnership may sue and be sued in the name of the partnership.

(b) Except as otherwise provided in subdivision (g) of Section 16306, an action may be brought against the partnership and any or all of the partners in the same action or in separate actions.

(c) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner.

(d) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless any of the following apply:

(1) A judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part.

(2) The partnership is a debtor in bankruptcy.

(3) The partner has agreed that the creditor need not exhaust partnership assets.

(4) A court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insuffi-

they are barred from doing so because the applicable statute of limitations has expired. The trustee counters that § 723(a) and California statutes establish that WSCR is personally liable for all debts of the debtor even if the Koukladases cannot obtain a judgment against WSCR on the partnership debt. He contends that the plain language of § 723(a) only requires he prove that WSCR is liable to the trustee

for the debts of the debtor partnership (i.e., the Koukladas Judgment) not that WSCR is directly liable to the Koukladases for that partnership debt.

The bankruptcy code does not define the phrase "personally liable" as it is used in § 723(a). However, a study of § 723 and its legislative history as well as a review of Cal.Civ.Proc.Code § 369.5 [7] and Cal. Corp. Code § 16306,[8] which are the provisions of

cient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable powers.

(5) Liability is imposed on the partner by law or contract independent of the existence of the partnership.

(e) This section applies to any partnership liability or obligation resulting from a representation by a partner or purported partner under Section 16308.

7. Cal. Civ. Pro.Code § 369.5 provides:

(a) A partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name it has assumed or by which it is known.

(b) A member of the partnership or other unincorporated association may be joined as a party in an action against the unincorporated association. If service of process is made on the member as an individual, whether or not the member is also served as a person upon whom service is made on behalf of the unincorporated association, a judgment against the member based on the member's personal liability may be obtained in the action, whether the liability is joint, joint and several, or several.

8. Cal. Corp.Code § 16306 provides:

(a) Except as otherwise provided in subdivisions (b) and (c), all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law.

(b) A person admitted as a partner into an existing partnership is not personally liable for any partnership obligation incurred before the person's admission as a partner.

(c) Notwithstanding any other section of this chapter, and subject to subdivisions (d), (e), (f), and (h), a partner in a registered limited liability partnership is not liable or accounta-

ble, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the partnership or another partner in the partnership, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the partnership while the partnership is a registered limited liability partnership, by reason of being a partner or acting in the conduct of the business or activities of the partnership.

(d) Notwithstanding subdivision (c), all or certain specified partners of a registered limited liability partnership, if the specified partners agree, may be liable in their capacity as partners for all or specified debts, obligations, or liabilities of the registered limited liability partnership if the partners possessing a majority of the interests of the partners in the current profits of the partnership, or a different vote as may be required in the partnership agreement, specifically agreed to the specified debts, obligations, or liabilities in writing, prior to the debt, obligation, or liability being incurred. That specific agreement may be modified or revoked if the partners possessing a majority of the interests of the partners in the current profits of the partnership, or a different vote as may be required in the partnership agreement, agree to the modification or revocation in writing; provided, however, that a modification or revocation shall not affect the liability of a partner for any debts, obligations, or liabilities of a registered limited liability partnership incurred, created, or assumed by the registered limited liability partnership prior to the modification or revocation.

(e) Nothing in subdivision (c) shall be construed to affect the liability of a partner of a registered limited liability partnership to third parties for that partner's tortious conduct.

(f) The limitation of liability in subdivision (c) shall not apply to claims based upon acts,

California law most heavily relied upon by the parties, all assist in the determination of whether WSCR is "personally liable" for the Koukladas Judgment.

There are two pertinent phrases within § 723(a). The first was added by the 1984 amendments to the bankruptcy code which limited the amount of the deficiency for which a trustee may recover under § 723(a) to the aggregate of allowed claims against the estate "with respect to which a general partner of the partnership is personally liable." The second was added to § 723(a) by the 1994 amendments to the code by which the following phrase was appended to the end of that section: "the trustee shall have a claim against such general partner to the extent that under applicable nonbankruptcy law such general partner is personally liable for such deficiency." [9]

Courts which have dealt with § 723(a) have issued contrary rulings when faced with proof that a partner's liability to partnership creditors for specific partnership debts was obviated by state law. In *In re CS Associates*, 160 B.R. 899 (Bankr. E.D.Pa.1993), the court applied § 723(a) to facts similar to those in this case. The trustee in a chapter 7 partnership bankruptcy case sought recovery of a deficiency of partnership assets to pay claims from a general partner of the debtor in bankruptcy. The partner argued that he was not "personally liable" for the deficiency because the creditors whose claims would be paid with the recovery from the partner could not, themselves, obtain judgment against him. The court ruled that argument was unavailing. It noted that Pennsylvania law controlled the determination of whether the partner was "personally liable" under § 723(a) and that under Pennsylvania law partners are generally ultimately responsible for any deficiency of their partnership. Based thereon, and on various practical factors and policy considerations, the court held the partner liable for partnership debts for which the creditor could not have obtained judgment directly against the partner. Relying, in part, on that court's reasoning I issued a tentative ruling for the trustee in this matter.

In *Henderson v. Haddad (In re Golden H Packing Company)*, 11 B.R. 111 (Bankr. D.Nev.1981), the court ruled that the trustee in a partnership bankruptcy could

errors, or omissions arising out of the rendering of professional limited liability partnership services of a registered limited liability partnership providing legal services unless that partnership has a currently effective certificate of registration issued by the State Bar. (g) A partner in a registered limited liability partnership is not a proper party to a proceeding by or against a registered limited liability partnership in which personal liability for partnership debts, obligations, or liabilities is asserted against the partner, unless that partner is personally liable under subdivision (d) or (e).

(h) Nothing in this section shall affect or impair the ability of a partner to act as a guarantor or surety for, provide collateral for or otherwise be liable for, the debts, obligations, or liabilities of a registered limited liability partnership.

9. Prior to the 1984 amendment to § 723(a), it provided that "[i]f there is a deficiency of property of the estate to pay in full all claims allowed in a case under this title concerning a partnership, then each general partner in such partnership is liable to the trustee for the full amount of such deficiency." The 1984 amendment was intended to make it clear that § 723(a) did not create obligations of a general partner not otherwise found in nonbankruptcy law. *In re CS Associates*, 160 B.R. 899, 906–907 (Bankr.E.D.Pa.1993). The 1994 amendment was intended to clarify that a partner of a registered limited liability partnership would only be liable for a deficiency under § 723(a) to the extent that state law governing such corporations provides. HR Rep. 103–834, 103rd Cong., 2nd Sess. 24–25 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994).

not recover a deficiency under § 723(a) from the widow of a deceased partner because the trustee did not file a timely claim against the partner's probate estate, even though the trustee was not appointed until after that probate bar date had run. In reaching that conclusion, the court noted that "[t]he remedy or claim for relief of the trustee in bankruptcy under 11 U.S.C. § 723 against a partner is a chose in action on which the trustee can proceed under 11 U.S.C. § 544. . . . The trustee's powers are those which the nonbankruptcy law would allow to a hypothetical creditor of the debtor. Section 544 does not confer on the trustee any greater rights than those accorded by nonbankruptcy law to such a creditor. Thus, if a creditor is deemed barred from recovery because of the running of the statute of limitations prior to the commencement of the case, the trustee is likewise rendered impotent." *Id.* at 113–114.

In *Pettigrew v. Barton (In re Barton & Ludwig)*, 37 B.R. 377 (Bankr.N.D.Ga. 1984), the court denied the trustee recovery of a deficiency under § 723(a) from a partner of the debtor to the extent the deficiency was based on the claim of a partnership creditor with which the partner had settled. Under the settlement agreement, the creditor had apparently agreed not to seek further collection of the partnership debt from that partner. In its ruling, the court said, "[i]t is the creditor's rights upon which the trustee stands. The trustee has no greater right than would the creditor acting on its own behalf." *Id.* at 379. The court found support for that conclusion in decisions by courts dealing specifically with § 544 and Collier on Bankruptcy. It quoted that treatise to say, "section 544 does not confer on the trustee any greater rights than those accorded by nonbankruptcy law to the creditor." *Id.* The court then concluded that

"[t]herefore, Plaintiff trustee cannot recover for the benefit of [the creditor which had settled with the partner] that which it could not recover for itself." *Id.* The *Pettigrew* court based its ruling on equitable grounds as well. After recognizing the general rule that under § 723(a) a general partner of a partnership is liable for any deficiency of the partnership estate, the court ruled that "as a court of equity, the Court finds that it would be unfair to allow Plaintiff to recover the deficiency from Defendant in the case sub judice." *Id.*

In *Tatge v. Chandler (In re Judiciary Tower Associates)*, 175 B.R. 796 (Bankr. D.C.1994), the court ruled that the trustee could recover under § 723(a) from partners of a partnership debtor. It noted that "[i]n seeking contributions under section 723(a), the trustee stands in the shoes of the creditors. The trustee's cause of action against the partners is essentially identical to the cause of action belonging to the creditors; the liability asserted by the trustee is no more, and no less, than the liability that has been or could be asserted by the creditors." *Id.* at 805. In that case, the creditor to which the judge was referring had obtained judgments against the partner defendants in the trustee's action prior to the commencement of the partnership bankruptcy, and the bankruptcy court concluded that because that creditor had established its right to recover from those partners the trustee could enforce that right in his § 723(a) action.

I am no longer persuaded that I should follow the reasoning and conclusions of the *CS Associates* court. I also do not agree with the reasoning of the *Henderson, Pettigrew* and *Tatge* courts to the extent they based their rulings on the application of § 544, for I find no support in the code, other case law or in respected treatises on bankruptcy law,[10] which would

---

10. In *In re Downtown Investment Club III*, 89 B.R. 59 (9th Cir. BAP 1988), noting that the

lead me to conclude that the rights of the trustee under § 723(a) are dependant upon powers or rights provided a trustee under § 544. In addition, I find no basis for resort to equity when interpreting § 723 or in applying it to the facts in this case.

■ However, I do agree with the *Henderson, Pettigrew* and *Tatge* courts to the extent that their rulings stand for the proposition that a trustee is entitled to judgment against partners under § 723(a) only to the extent that partnership creditors have recovered or could recover judgment against those partners under non-bankruptcy law.

It is clear from the legislative history of § 723(a), that in enacting that section Congress did not intend to thereby create new liabilities for partners of a partnership in bankruptcy, and it is also clear that the existence and extent of a partner's liability for partnership debts under § 723(a) is limited by applicable state law. In this case, both parties agree that WSCR is liable to the trustee only to the extent it is "personally liable" for the Koukladas claim against the bankruptcy estate under California law.

The debtor is a California limited partnership. California law provides that a general partner in a limited partnership has the same liabilities of a general partner in a general partnership. Cal. Corp. Code § 15643.[11] A general partner is jointly and severally liable for all obligations of the partnership unless the claimant otherwise agrees or it is otherwise provided by law. Cal. Corp.Code § 16306.

The procedure by which a partnership creditor may obtain a judgment against a partner is set forth in Cal.Civ.Proc.Code § 369.5 which provides for suit by or against a partnership, for permissive joinder of partners in a suit against the partnership and for judgment against a partner who is served with process as an individual to the extent that partner is personally liable. It is wholly procedural in nature and does not establish a cause of action or the parameters for liability of either a partnership or its partners. In *Barr v. United Methodist Church,* 90 Cal.App.3d 259, n. 80, 272, 153 Cal.Rptr. 322 (1979), the court discussed Cal.Civ. Proc.Code § 388, the predecessor to Cal. Civ.Proc.Code § 369.5,[12] in terms of the due process protections it afforded members of unincorporated associations and noted that "[b]efore any liability can be assessed against any person, service of process on the individual in his individual

trustee's claim under § 723(a) is a chose in action to be asserted under Bankruptcy Code § 544(a), the Bankruptcy Appellate Panel ruled that the statute of limitations applicable to actions under § 544 applies to actions under § 723(a) as well. *Id.* at 65. Although I referred to that analysis in rendering my decision in *In re The Ridge II,* 158 B.R. 1016 (Bankr.C.D.Cal.1993), I have now concluded that there is no justification for tying § 723(a) to § 544 in any way. In that regard, see 6 Collier on Bankruptcy ¶ 723.02(3)(c) (15th ed.2001).

**11.** Cal. Corp.Code § 15643 provides:
(a) Except as otherwise provided in this chapter, a general partner of a limited partnership has the rights and powers and is subject to

the restrictions of a partner in a partnership without limited partners.
(b) Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

**12.** In 1992, Cal.Civ.Proc.Code § 388 was repealed and re-codified as Cal. Civ. Pro.Code § 369.5 without substantive change.

capacity must be made." The court was simply noting that Cal.Civ.Proc.Code § 388 applied universally accepted principals of due process to the process by which members of unincorporated organizations may be held liable for debts of the association. Cal.Civ.Proc.Code § 369.5 was not repealed when California adopted the Revised Uniform Partnership Act in 1996 by amendment to the California Corporations Code which included §§ 16306(a) and 16307(c).

■ The general provision for the liability of partners under Cal. Corp.Code § 16306(a) does not establish the liability of any particular partner, it merely provides a basis for liability. The establishment of liability of any specific partner under Cal. Corp.Code § 16306(a) requires compliance with the procedural mandate of Cal.Civ.Proc.Code § 369.5. To rule otherwise would render that provision of California law a nullity. In addition, Cal. Corp.Code § 16306(a) provides that partners are liable for partnership debts *"unless otherwise ... provided by law"* (emphasis added). In this case, Cal. Corp. Code § 16307(c) is just such a provision, as is the statute of limitations which bars Koukladases from obtaining judgment against WSCR. Cal. Corp.Code § 16307(c) specifically insulates a partner's assets from the claims of partnership creditors unless the latter has a judgment against the partner on the partnership debt. It defies logic to conclude that California law should be read to say that a partner is "personally liable" for a partnership debt which may not be satisfied from that partner's personal assets. California law does not support that reasoning, § 723(a) does not demand it and I will not apply it here.

The Koukladases can never obtain a judgment against WSCR on its claim against the debtor. Therefore, WSCR is not "personally liable" for that partnership debt. By application of § 723(a), then, WSCR is not liable to the trustee for any portion of that claim in this proceeding.

## II. Whether the trustee may recover administrative expenses under § 723(a)

■ The trustee also relies on § 723(a) to recover from WSCR all administrative expenses which may be allowed in this bankruptcy case under § 503(b)(2), including his fees and those of his lawyers. The trustee argues that administrative expenses are "claims" which must be included in the calculation of the "deficiency" for which WSCR is liable under § 723(a) and relies on the pronouncements in case law which seemingly support that position. WSCR argues that it is not "personally liable" for administrative expenses of the estate because it was not a general partner of the debtor at the time this bankruptcy case was commenced. I agree with that latter analysis but my decision on this point is based on other factors.

Section 723(a) is applicable if there is a "deficiency" of property of the estate to pay all allowed claims in full. And as noted above, a general partner is liable for that deficiency to the extent that it consists of claims for which the partner is personally liable. The term "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(a). Section 726 controls the order in which claims are paid in a chapter 7 case. The trustee must first pay administrative expense claims which have been allowed under § 503(b). Notwithstanding the seeming differentiation between "expenses" and "claims" in § 507(a), considering the provisions of all those sections, I have concluded that "administrative expenses" are "claims" for

purposes of distribution of the bankruptcy estate under § 726. The question is whether administrative expense claims are includable in the "deficiency" for which a partner is liable.

Section 723(c) provides that "the trustee has a claim against the estate of each general partner in such partnership that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership." The term "creditor" is defined in § 101(10) [13] and the definition does not include administrative expenses of the bankruptcy estate. Therefore, it appears that the trustee of a partnership bankruptcy cannot include administrative expenses incurred in that case in claims against a partner's bankruptcy estate. 6 Lawrence King, Collier on Bankruptcy ¶ 723.04[1][b] at 723–10 (15th ed.2001). If that conclusion is correct, it serves consistency to interpret the two subsections of § 723 alike for they are clearly designed to serve the same general purpose in different settings. Doing so would result in exclusion of administrative claims from the "deficiency" due from non-debtor partners under § 723(a).

Early legislative history of the House version of § 723 supports that result for it includes a notation that "[s]ubsection (a) specifies that each general partner in a partnership debtor is liable to the partnership's trustee for any deficiency of partnership property to pay in full all administrative expenses and all claims against the partnership." S.Rep. No. 95–989, 95th Cong. (July 14, 1977), U.S.Code Cong. & Admin.News 1977, p. 5787. But that section of the House bill was amended by agreement of both houses before enact-

ment, and the legislative history as to that amendment reveals that at least with regard to the trustee's rights under § 723(c) "the House amendment is a compromise between similar provisions contained in the House bill and Senate amendment. The section makes clear that the trustee of a partnership has a claim against each general partner for the full amount of all claims of creditors allowed in the case concerning the partnership. By restricting the trustee's rights to claims of creditors, the trustee of the partnership will not have a claim against the general partners for administrative expenses or claims allowed in the case concerning the partnership." P.L. 95–595, Senate Debate on Compromise Bill, 124 Cong. Rec. S17403–34 (October 6, 1978). The final version of § 723(c) is as noted in that latter comment.

The trustee cited no cases in support of his argument that administrative expenses are recoverable under § 723(a) but two bankruptcy courts have addressed that issue, *In re Bonded Jewelry Center*, 206 B.R. 381, 385 (Bankr.D.Md., 1997) and *CS Associates*. In *Bonded*, the court noted that the partnership estate only had approximately $152,000.00 to pay unsecured claims of nearly $5.4 million and an unknown amount of administrative expenses claims, and awarded the trustee judgment against the partner for the difference between those figures subject to downward adjustment to the extent the claims was reduced by voluntary withdrawal or disallowance. In reaching that conclusion, the court adopted the formula for calculation of the partnership deficiency utilized by the court in *CS Associates*. However, *Bonded* and *CS Associates* are factually distinguishable because the bankruptcy es-

---

**13.** 11 U.S.C. § 101(10) provides:

"creditor" means—

    (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

    (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

    (C) entity that has a community claim;

tates in those cases had sufficient cash with which to pay the administrative expenses in full without any contribution from the partners, leaving only unsecured claims to be paid with partner contributions. The courts' determination of the amount of the partners' liability under § 723(a) in those cases did not turn on whether the partners were actually liable for administrative expenses under that section. Therefore, those rulings are not even persuasive authority for the trustee's position.

Considering the wording of § 723 itself, its legislative history and the paucity of case law in support of the trustee's arguments, I have concluded that the trustee may not recover administrative expenses of this bankruptcy estate from WSCR.

## III. CONCLUSION

Based on the above, I will grant WSCR's motion for summary judgment and deny the trustee's motion for summary judgment because there are no genuine issues of material fact and WSCR is entitled to judgment as a matter of law.